[File No. 6498.]

ELSIE PETERSON, Plaintiff, v. R. H. POINTS and Emma Cudhie, Defendants.

(275 N. W. 867 )

Opinion filed November 4, 1937.

*Olaf Braatelien,* for plaintiff.
*Wm. G. Owens,* for defendants.

MORRIS, J. This matter comes to us for review upon a writ of certiorari issued pursuant to the provisions of section 8, chapter 161, Session Laws of North Dakota for 1937. The petitioner is the plaintiff in an action against the respondent, R. H. Points, in the district court of Divide county, wherein she seeks to cancel a contract for deed entered into on the 15th day of June 1920, between one Henry Jacobson, as vendor, and respondent, as vendee, for the purchase of a quarter section of land in Divide county for the sum of $6,400.00 payable in certain specified installments. The petitioner is the grantee of Henry Jacobson. After a trial of the case, the district court, on June 29, 1935, entered an interlocutory order, under chapter 99, Session Laws of North Dakota for 1933, giving Points one year in which to make redemption and cure defaults under the contract and providing that in event of his failure so to do the "plaintiff may move for an order for judgment of this Court, cancelling said contract, or such further and other proceedings as may be had before this Court prior to the expiration of the period of redemption as may be meet in the premises and in conformity with the equitable powers of this Court and as allowed by law." At the time the case was tried it appeared that Points had paid $6,812.78 principal and interest, and that there remained due $1,613.00 principal, and interest from June 1, 1933 at 7 per cent per annum. The petitioner also claimed that there were unpaid taxes against the premises amounting to about $1,000.00. The matter again came before the trial court on the 29th day of June, 1936, upon an order issued to Elsie Peterson, pursuant to chapter 242, Session Laws of North Dakota for 1935, to show cause why relief against the cancellation of the contract should not be granted upon the payment of reasonable rental. The court thereupon restrained the plaintiff from entering a judgment cancelling the contract upon the payment of a specified sum as rental by the defendant, and extending the period of redemption of said premises to July 1, 1937. On the 28th day of June 1937, the court issued an order to the plaintiff to show cause on the 9th day of July 1937 why the period of redemption should not

be extended until July 1, 1939, and the provisions of chapter 99, Session Laws of North Dakota for 1933 and chapter 161, Session Laws of North Dakota for 1937 should not be applied to the protection of the defendant. On that date the plaintiff appeared by her attorney and her husband. The court continued the hearing until July 30, 1937. On the latter date the plaintiff again appeared by her attorney and her husband, and the defendant appeared in person and by his attorney. After hearing had the court found that the defendant came within the provisions of chapter 161, Session Laws of North Dakota for 1937, and was entitled to relief in accordance therewith and granted a further extension of the period of redemption to July 1, 1939, upon the payment of certain specified rentals.

The plaintiff did not appear before this court for oral argument, and filed no brief. From her petition it appears that she contends that the district court had no jurisdiction to hear and determine the matter on July 30, because that hearing was not had within twenty days after the issuance of the last order to show cause. Section 8 of chapter 161, Session Laws of North Dakota for 1937, provides:

"The trial of any action, hearing or proceedings mentioned in this Act shall be held within twenty days after the filing by either party of notice of hearing or trial, as the case may be, and such hearing or trial may be held at any general or special term, or in chambers, or during vacation of the Court, and the order of the Court shall be filed within five days after trial or hearing. No more than five days' stay shall be granted, and review by the Supreme Court may be had by certiorari, if application for the writ shall be made within 15 days after notice of such order, and such writ shall be returnable within 20 days after the filing of such order."

The order to show cause was issued and served on June 28, 1937, and was returnable on July 9. On the return date which was within the twenty day period, the court continued the hearing to July 30. The petitioner argues that the trial court lost jurisdiction by continuing the case beyond twenty days from the service of the order. The record does not show that she objected to the jurisdiction of the trial court, although she was represented at the hearing by both her attorney and her husband. The continuance does not appear to have been made at the request of either party, but there was no objection thereto. It was

made upon the court's own motion at a time when the court had jurisdiction of the case. This jurisdiction was not lost by the continuance. A trial court may exercise reasonable discretion in arranging his calendar in the interest of the orderly disposition of the business of his court, and unless his conduct pertaining thereto is contrary to some jurisdictional constitutional or statutory provision, he does not lose jurisdiction by continuance on his own motion. Curry v. McCaffery, 47 Mont. 191, 131 P. 673.

The petitioner also urges that the trial court erred in finding that the defendant is entitled to any relief under Chapter 161, Session Laws of North Dakota for 1937. This raises the question as to whether this court may consider the facts in this proceeding. In certiorari proceedings under § 8445, 1925 Supplement to Compiled Laws, the appellate court may not review the sufficiency of the evidence or findings of the lower court except to determine whether the inferior court has exceeded its jurisdiction. Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Olson v. Welford, 65 N. D. 522, 260 N. W. 593.

Chapter 161 is a moratorium act by which the state, through the unusual exercise of police power, provides for temporary relief against the enforcement of certain contractual obligations. It is in keeping with the purpose of the act that either party may obtain a speedy review of the proceedings thereunder in the Supreme Court, and that such review be broad enough to permit a consideration of the sufficiency of the evidence. The legislature by the enactment of § 8, chapter 161, supra, no doubt intended to provide for a more speedy review of cases arising under the moratorium act than would have been available had provision been made for an appeal, without limiting the scope of the review to that available in certiorari proceedings under § 8445, supra. The fact that a specific provision was made for review by certiorari indicates an intention to permit a more comprehensive consideration in the appellate court of cases arising under this act than that already available in certiorari proceedings. We have, therefore, considered the entire record certified to us including the showing made to the trial court by both parties, and upon which the court made its findings and order, for the purpose of determining whether there is any substantial competent evidence to sustain them. The record discloses that there was presented to the trial court evidence from which it

might find that the respondent was entitled to the relief granted. The District Court having had jurisdiction of the proceedings and the evidence being sufficient, the order of the District Court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE and BURR, JJ., concur.