Kenneth C. GLASER, Respondent,

v.

**MINNESOTA FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant.**

No. C5–86–119.

Court of Appeals of Minnesota.

July 8, 1986.

Michael C. Flom, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, for respondent.

Jeffrey F. Shaw, Mark G. Schroeder, Briggs & Morgan, St. Paul, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

LESLIE, Judge.

Respondent brought suit for reimbursement of money paid to city for subdivision assessment. The trial court granted summary judgment for respondent. We reverse.

## FACTS

Appellant Minnesota Federal Savings & Loan Association owned a parcel of land in Edina. In the spring of 1983, its representatives entered into negotiations to sell a portion of the land to respondent Kenneth C. Glaser, who planned to open a family restaurant. On May 5, 1983, the parties entered into a purchase contract for the land. Pursuant to the contract appellant agreed to execute and deliver a warranty deed conveying marketable title subject to an exception for "building and zoning laws, ordinances, state and federal regulations." Because the property was not zoned to allow the restaurant, the sale was conditioned on respondent obtaining rezoning. The sole cost and expenses incurred in attempting to obtain rezoning was to be borne by respondent.

The sale of this land constituted a subdivision. Pursuant to an Edina ordinance, when previously unsubdivided land is platted either a portion of the land is set aside for public park use or an equivalent amount of money must be contributed to the dedication of parks and playgrounds in Edina.

Shortly after the contract was entered into, respondent applied to rezone and subdivide the property. In connection with this application, respondent prepared a plat which was submitted for approval. This plat cost $3,000. On October 3, 1983, the Edina City Council granted approval of the subdivision conditioned on a $28,000 subdivision dedication.

Appellant refused to pay these expenses when asked to do so by respondent. Because respondent's plans required immediate possession of the property, he proceeded to close the sale and reserve his rights to the subdivision expenses. He then brought suit to recover this money. The district court granted respondent's motion for summary judgment, and judgment was entered for $34,936.43.

## ISSUE

Did the trial court err in granting summary judgment in favor of respondent?

## ANALYSIS

The trial court based its granting of summary judgment on two theories. First, the trial court believed that appellant could not convey marketable title without first paying the assessment. Neither the trial court nor respondent has cited any case law to support this theory, however. Second, the trial court determined that the Edina ordinance required appellant, as the owner of the property, to pay the assessment. We disagree with the trial court's analysis.

■■ A marketable title is one that is free from reasonable doubt and one that a prudent person with full knowledge of the facts would be willing to accept. *Hubachek v. Maxbass Security Bank*, 117 Minn. 163, 169, 134 N.W. 640, 642 (1912). The primary purpose of marketable title is to protect the purchaser from the burden of litigation that may be necessary to remove apparent or real defects in the title. A title that may force the purchaser into litigation to remove defects is not a marketable title. *Id.* at 169, 134 N.W. at 642.

■■ We believe that appellant clearly conveyed marketable title to respondent. There is no question that appellant was the actual owner of the property. There are no defects in appellant's chain of title, no liens on the property, no easements, no one claiming ownership through adverse possession, and no other flaws which would make appellant's title unmarketable. We believe the marketability of title is unrelated to the issue of who is obligated to pay the subdivision assessment.

The trial court also based its decision on Edina Ordinance 801–A12 which states that "the tract owner or owners" shall pay the

city the assessment. The trial court believed that because appellant was the record owner of the property, it was compelled to pay the assessment under the terms of the ordinance.

■ We also disagree with this analysis. Although appellant was still the record owner of the property, the parties had entered into a binding purchase agreement for the property. The purchaser of property in an executory contract for the sale of land is the equitable owner of the property. *See Hook v. Northwest Thresher Co.*, 91 Minn. 482, 98 N.W. 463 (1904). We do not believe that the Edina ordinance was intended to impose liability only on the record owner. We believe respondent could be considered an owner under the ordinance.

■ The determination of who should pay the assessment must be determined by the contract signed by the parties. However, the contract here does not specifically state who should pay the assessment. Therefore, parol evidence must be admitted to show the intent of the parties. *See Flynn v. Sawyer*, 272 N.W.2d 904, 908 (Minn.1978). The record contains evidence that appellant believed respondent would pay and that respondent believed appellant would pay. Because there is a genuine issue of material fact regarding the parties' intentions, we hold that the trial court erred in granting summary judgment.

### DECISION

The trial court erred in granting summary judgment for respondent. We remand for trial.

Reversed and remanded for trial.