**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Eugene Richard BLUMLER, Defendant and Appellee.**

**Cr. Nos. 890326, 890327.**

Supreme Court of North Dakota.

July 3, 1990.

Robin Huseby, Asst. State's Atty., Valley City, for plaintiff and appellant.

James A. Wright and Robert W. Martin (argued) of Weiss, Wright, Paulson & Merrick, Jamestown, for defendant and appellee.

VANDE WALLE, Justice.

The State of North Dakota appealed from an order of the district court which granted Eugene Richard Blumler's motion to suppress evidence seized from his home pursuant to a search warrant. Because we conclude that the warrant was issued as the result of an illegal search and was therefore invalid, we affirm the order suppressing the evidence seized pursuant to the invalid warrant.

In April of 1989, the unoccupied rural home of Gerald and Marsha Offner was burglarized. A green and white, old-fashioned cookstove and several barstools were taken from the home. The Offners reported the burglary to the Barnes County Sheriff's Department.

On May 2, 1989, at approximately 11:00 p.m., Deputy Randy McClaflin of the Barnes County Sheriff's Department attempted to serve civil process upon Eugene Blumler at his residence in Sanborn, North Dakota. Blumler's residence is a multi-story home with an attached garage. There are at least three outer entrances to the Blumler home. The east side of the residence contains a front door and a sliding-glass patio door. The north side of the home has a walk-in door which enters into the attached garage. Inside the garage there is an inner-door which leads to the kitchen of the residence.

When Deputy McClaflin arrived at the Blumler residence to serve the civil papers, he elected to use the entrance which would require him to pass through Blumler's garage. Both the large, overhead garage door and the walk-in door were closed at

the time. Without knocking or seeking any other type of invitation, McClaflin opened the walk-in door and entered the garage. Because it was dark, McClaflin turned on his flashlight and proceeded to the kitchen door. When no one responded to his knock, Deputy McClaflin turned to leave and the beam of his flashlight shone upon a green and white cookstove which was sitting in the garage. After observing the stove, McClaflin returned to his vehicle and left the premises.

Subsequent to his initial entry into Blumler's garage, Deputy McClaflin recalled a report of a stolen cookstove with a similar description to the one he had seen in the garage. McClaflin relayed the information to Deputy James Heinze who had been assigned to the Offner case. Heinze contacted the Offners for the purpose of identifying the cookstove observed in Blumler's garage.

On May 3, 1989, at approximately 8:30 p.m., Deputy Heinze, Deputy McClaflin and Gerald and Marsha Offner [1] drove to Blumler's residence. Deputy McClaflin testified that the purpose of the trip was to allow the Offners to identify the stove and to attempt to serve the civil papers upon Blumler. McClaflin and Marsha Offner proceeded to the walk-in door of the garage which, at this time, was open. Offner looked through the door and stated that the stove was similar to the one stolen from their home, but positive identification was not made by Marsha Offner until she actually entered the garage with Deputy McClaflin and identified the property by looking at a damaged portion of the stove which was not visible from the door. McClaflin, again, sought to serve the civil papers but Blumler was not at home.

Relying upon Deputy McClaflin's observations while attempting to serve process and Marsha Offner's identification of the stove, Deputy Heinze immediately sought and obtained a search warrant to search Blumler's home and garage for the stove and bar stools. During their subsequent search of Blumler's home at 11:00 p.m., the deputies observed marijuana plants and drug paraphernalia in the nature of a greenhouse operation. The first search was halted and a second warrant was obtained by the deputies for the purpose of searching for drugs and paraphernalia.

Blumler was charged with one count of theft of property in violation of NDCC § 12.1–23–02(3), and fifty-two counts of possession and manufacture of a controlled substance in violation of NDCC § 19–03.1–23. Blumler moved the district court for an order suppressing all of the evidence seized by the authorities, contending that the two warrantless entries into his garage by the deputies constituted searches in violation of his Fourth Amendment rights. After a suppression hearing, the district court concluded that Blumler had a reasonable expectation of privacy in his garage, that Deputy McClaflin's warrantless entry into the garage violated that right, and that the Deputy's search did not fall within any recognized exception to the warrant requirement. Accordingly, the district court granted Blumler's motion to suppress all of the seized evidence.

On appeal, the State contends that McClaflin's initial warrantless entry into the garage did not constitute a search. Alternatively, the State argues that even if Blumler had an expectation of privacy in the garage and the entry constituted a warrantless search, Blumler had impliedly consented to the search because the deputies, on five previous unrelated occasions, used the garage entry to attempt to serve process and had, in fact, served Blumler on one occasion using that entry.

The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures by the government. In *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the United States Supreme Court defined a search, within the meaning of the Fourth Amendment, as an intrusion into a person's reasonable expectation of privacy. *Accord* 1

---

1. The Offners were not deputized.

W. Ringel, *Searches & Seizures, Arrests and Confessions* § 1.2 (1990) [a search occurs when the government intrudes upon a person's reasonable expectation of privacy]. It is well settled that a garage is an intimate part of a person's residence and, therefore, is an area in which the person has a reasonable expectation of privacy against warrantless intrusions by the State. *See Lubenow v. N.D. State Highway Com'r*, 438 N.W.2d 528 (N.D.1989); *State v. Manning*, 134 N.W.2d 91 (N.D. 1965). *See generally* 5 L. Orfield, *Criminal Procedure* §§ 44:10, 44:11 (1987).

When an individual has a reasonable expectation of privacy in an area, the proscriptions of the Fourth Amendment require that the government obtain a search warrant unless the intrusion falls within one of the recognized exceptions to the warrant requirement. *Katz v. United States, supra; Lubenow v. N.D. State Highway Com'r, supra; State v. Johnson*, 301 N.W.2d 625 (N.D.1981). In the absence of such an exception, evidence obtained in violation of the Fourth Amendment's protections against unreasonable searches must be suppressed as inadmissible under the exclusionary rule.[2] *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *State v. Handtmann*, 437 N.W.2d 830 (N.D.1989); *State v. Johnson, supra*. Moreover, and significantly for purposes of this case, any evidence derived as a result of the initial, illegally acquired evidence must also be suppressed as "fruit of the poisonous tree" unless the search was ex-

cepted from the requirement of a warrant. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Handtmann, supra*.

In the instant case, when Deputy McClaflin went to serve civil process on Blumler on May 2, 1989, he chose to enter into Blumler's closed garage without a warrant.[3] A second warrantless entry by the deputy occurred the next day. Those entries resulted in the discovery of evidence which eventually led to the issuance of a search warrant for Blumler's home and the subsequent seizure of the contraband. Because a search is an intrusion into an area in which a person has a reasonable expectation of privacy, and as a garage is a place where an individual ordinarily has such an expectation, the trial court did not err in finding that Deputy McClaflin made two warrantless searches of Blumler's closed garage within the meaning of the Fourth Amendment. We reach the same result under Article I, § 8 of the North Dakota Constitution. Accordingly, the evidence directly acquired as a result of McClaflin's initial warrantless intrusions, and any "fruit" derived therefrom, must be suppressed under the exclusionary rule unless his actions fell within a recognized exception to the warrant requirement.

The State argues that if McClaflin's actions of entering into Blumler's closed garage constituted a prohibited search, Blumler had impliedly consented to such an in-

---

**2.** As this Court noted in *State v. Wahl*, 450 N.W.2d 710, 714 (N.D.1990):

> "The exclusionary rule essentially operates as a judicial remedy ... against law enforcement intrusion into an individual's Fourth Amendment rights. [Citations omitted.] By excluding evidence seized in violation of the Fourth Amendment, the rule acts to deter police misconduct in making unreasonable searches and seizures, and to bolster judicial integrity by not allowing convictions based on unconstitutionally obtained evidence."

**3.** Civil legal papers are not the equivalent of search warrants, and we do not believe that the service of such papers necessarily gives an officer serving them carte blanche entry into any area of a person's residence. In the instant case, the State presented evidence that the depu-

ties subjectively believed that the garage entry was a normal way to enter the home, but there was no objective evidence presented that the general public typically or commonly entered Blumler's residence by that route. In the absence of such evidence, we are unwilling to assume that the Deputy's method of service is the common practice of entering the household.

Deputy McClaflin should have attempted to serve process by knocking on Blumler's front door, sliding glass patio door, or outer garage door. Instead, he made a voluntary choice to enter, without a warrant, into the closed garage in which Blumler had a privacy interest. In doing so, we believe that he took the risk that any evidence he spotted therein would be suppressed under the exclusionary rule if criminal charges were brought as a result of that warrantless entry.

trusion because on five previous unrelated occasions the deputies used the same method to attempt to serve process and, on one of those occasions, service was actually made on Blumler without his objection.

It is well settled that when an individual consents to a search or intrusion, thereby waiving his or her expectation of privacy with respect to an area, the warrant requirement of the Fourth Amendment is inapplicable. *See State v. Manning, supra;* C. Whitebread, *Criminal Procedure* § 10.01 (1986). However, in the instant case the State did not raise before the trial court its theory of a consent exception to the exclusionary rule, nor was the issue determined by the trial court in its opinion supporting the order to suppress.[4] Issues which are not raised before the trial court, including constitutional issues, will not be considered for the first time on appeal. *State v. Rodriguez*, 454 N.W.2d 726 (N.D. 1990); *State v. Prigge*, 437 N.W.2d 520 (N.D.1989). While a review of the record reveals the State's implied-consent argument may be thin, we do not decide the issue as it was not properly preserved for review.

The district court's suppression order is affirmed.

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.

**4.** In its briefs in opposition to Blumler's motion to suppress, and in its arguments before the trial court, the State only presented and raised the "independent source," "inevitable discovery," and "plain view" exceptions to the exclusionary rule in an attempt to purge the taint of Officer McClaflin's initial warrantless entry. The trial court's memorandum opinion rejected all three arguments, but none of those exceptions were raised on appeal.