**Laddie PIC, Plaintiff and Appellant,**

**v.**

**CITY OF GRAFTON, North Dakota, a Municipal Corporation, Defendant and Appellee.**

Civ. Nos. 900023, 900024.

Supreme Court of North Dakota.

Sept. 5, 1990.

Fleming, DuBois & Trenbeath, Cavalier, for plaintiff and appellant; argued by Thomas L. Trenbeath.

Goulet Law Firm, Grafton, for defendant and appellee; argued by Wallace R. Goulet, Jr.

MESCHKE, Justice.

Laddie Pic appealed from two judgments upholding orders by the City of Grafton that he demolish separate rental properties because they were substandard. We affirm.

On July 6, 1988, Gregory Dusek, Grafton Building Inspector, inspected Pic's rental property, a single-family dwelling, at 431 Prospect Avenue. Dusek found a number of defects, determined that the house was substandard, and, on November 1, 1988, ordered that the house be demolished. Pic appealed to the Grafton City Council, which conducted a hearing on January 9 and February 6, 1989. Dusek reinspected the property on January 20, 1989. The Council considered "all testimony and evidence presented by Gregory Dusek, ... his inspection reports and pictures of the premises, the comments of interested neighbors to the premises, and pictures of the premises and other houses submitted by Laddie Pic." The Council determined (1) that the assessed market value of the land was $4,500 and that of the house was $5,500; (2) that Dusek had found many defects in the house; (3) that Dusek estimated the cost of repair to be $6,848.33; (4) that Pic submitted no estimates "for repairing the

house to acceptable conditions;" and (5) that "the house cannot be repaired within fifty percent (50%) of the value of the structure under the 1988 market value for the structure located on the property." The Council ordered Pic to demolish the house.

On February 1, 1989, Dusek notified Pic that Pic's multi-family dwelling at 420 Stephen Avenue was substandard and ordered its demolition. Pic appealed to the Grafton City Council, which conducted a hearing on March 27, 1989. The Council considered:

> ... testimony and evidence presented by Gregory Dusek, the Building Inspector for the City of Grafton, his inspection reports, the photographs of the premises, a videotape of the actual inspection of the premises, the oral statement of Jerry McCarty, Grafton Volunteer Fire Chief, his written report, the reports of statewide inspectors, the comments of interested neighbors to the premises, and the written estimates of the repairs for the premises submitted by Laddie Pic.

The Council determined that the assessed market value of the land was $10,700 and that of the structure was $23,300. The Council found:

> That on October 7, 1988, November 3, 1988, and November 15, 1988, Greg Dusek, the City Building Inspector, inspected the building located at the above-described location. That the inspection of October 7, 1988, was requested by a tenant residing in the premises. The inspection on November 3, 1988, was an exterior inspection by Mr. Dusek of the subject property. On November 15, 1988, after being issued an Administrative Search Warrant by Walsh County Judge M. Richard Geiger, Greg Dusek inspected the exterior and interior of the property accompanied by Clinton Anderson, State Electrical Inspector, Curt Fogel, Deputy State Fire Marshal, Robert J. Leingang, State Plumbing Inspector, Jerry McCarty, Grafton Volunteer Fire Chief, LeRoy McCann, Grafton Police Chief, Lauren Wild, Grafton Assistant Police Chief, and Steven Larson, video-camera operator.

The Council determined that the building did not meet housing and building code requirements, had several electrical defects, and violated plumbing and fire codes in several ways. The Council found that Dusek submitted repair estimates totaling $31,711.03 and that Pic submitted repair estimates totaling $4,143.18. The Council found that Dusek's estimates were more credible and that Pic did not address the plumbing defects. The Council concluded that the building was substandard, determined that the building "cannot be repaired within fifty percent (50%) of the value of the structure under the 1988 market value for the structure located on the property," and ordered Pic to demolish the building.

Pic appealed to the district court. The court upheld the Council's demolition orders, ruling in both cases that the City of Grafton "did not act arbitrarily, oppressively or unreasonably and that there was substantial evidence to support its determination." On appeal to this court, Pic contended that the pertinent ordinance in the Grafton City Code is unconstitutional and that the demolition orders were not supported by the evidence presented.

Section 40–05–02(23) of the North Dakota Century Code empowers a city to "provide by ordinance for the demolition, repair, or removal of any building ... which creates a fire hazard, is dangerous to the safety of the occupants or persons frequenting such premises, or is permitted by the owner to remain in a dilapidated condition." Ordinance 5–350 of the Grafton City Code implements this authorization:

> (1) If the substandard building or structure can reasonably be repaired so that it will no longer exist in violation of the terms of this article it shall be ordered repaired.
>
>     *     *     *     *     *     *
>
> (3) In any case where a substandard building or structure is fifty (50) per cent or more damaged or decayed or deteriorated from its original value or structure, it shall be demolished, and in all cases where a building cannot be repaired so that it will no longer exist

in violation of the terms of this article it shall be demolished.

This ordinance was adopted after our decision in *Pic v. City of Grafton*, 339 N.W.2d 763 (N.D.1983) [*Pic I*]. In *Pic I*, we reversed an order requiring Pic to destroy or remove a building because there was no evidence that the Grafton City Council applied the evidence to a "meaningful standard for determining whether a structure is repairable." 339 N.W.2d at 768. Grafton's present ordinance 5–350 is substantively identical to an ordinance that this court declared was a valid exercise of the police power in *Soderfelt v. City of Drayton*, 79 N.D. 742, 59 N.W.2d 502 (1953).[1] Grafton's present ordinance contains a standard once approved.

■ Pic contends that Grafton's present ordinance violates the due process clauses of the State and Federal constitutions. Issues not raised in the trial court, including constitutional issues, will not be considered for the first time on appeal. *State v. Blumler*, 458 N.W.2d 300, 303 (N.D.1990). Pic did not raise an issue about the constitutionality of ordinance 5–350 in the district court. We will, therefore, not consider the issue in this appeal.[2]

Pic contends that the demolition orders were not supported by the evidence before the Grafton City Council:

In each instance, as regards Property One and Property Two, the District Court for Walsh County, affirmed that the City of Grafton "did not act arbitrarily, oppressively or unreasonably and that there was substantial evidence to support its determination". App. Pp. 39–44. It is submitted that the District Court had no evidence, whatsoever, before it such that it could arrive at the conclusion that the evidence was substantial to support the City of Grafton's determination. There is no record, in either case, of the proceedings before the City Council. There was no testimony taken by the Court for the purposes of determining whether there had been evidence sufficient for the Council's Findings and Order.

Pic's argument attacks the lack of a direct record of the City Council's hearings.

■ The record of proceedings before a local governing body "is often inadequate or non-existent." *Pulkrabek v. Morton County*, 389 N.W.2d 609, 614 n. 4 (N.D. 1986). A record of proceedings before a

1. When a personal residence is being condemned as substandard, we have observed that "the court must exercise extreme caution" and that "[i]n a situation that involves fundamental rights of privacy in one's own home, it is important to carefully circumscribe a State's broad police powers to actions that are absolutely necessary to the health and welfare of the other citizens of the community." *City of Minot v. Freelander*, 380 N.W.2d 321, 324 (N.D.1986).

2. In his reply brief for this court, Pic asserted that he raised the constitutionality of § 5–350 in briefs filed with the district court:

Attached hereto are copies of the record, in the form of selected pages from the briefs filed by Mr. Pic, with the District Court below. The first relates to Property One as that property is described in Mr. Pic's Appellant Brief. It is labeled as Exhibit A and constitutes pages 4 through 7 of the Letter Brief filed with the District Court in Walsh County. It can clearly be seen that Mr. Pic cites *Pic vs. City of Grafton*, 339 N.W.2d 763 (1983) and *City of Minot vs. Freelander*, 380 N.W.2d [321] (ND 1986) for the proposition that the destruction of private property, without opportunity for correction or alleviation of the problem, consti-

tutes an arbitrary act that is prohibited as a matter of law.

As regards Property Two, attached hereto please find Exhibit B which is a copy of Mr. Pic's Brief filed with the District Court of Walsh County. Page 2 of Exhibit B sets forth, with particularity, as follows:

3. The City acted in an arbitrary, oppressive and unreasonable manner in denying a reasonable time to repair the property.

Further on in said Exhibit B, Mr. Pic again makes the argument based on the previously cited *Pic* and *Freelander* cases. In arguing that, in absence of allowance for less drastic alternatives, Section 5–350 is unlawful. See pages 4 through 6 of Exhibit B.

In our view, these references do not show that Pic raised any constitutional issues below.

Alternatively, relying on *Federal Land Bank v. Gefroh*, 418 N.W.2d 602 (N.D.1988), Pic urges that we "should consider that the rule against considering constitutional matters, for the first time, at the Supreme Court level, is a general rule, and has, on occasion, been set aside in the interest of completely resolving the matter at hand." We do not believe this case warrants considering a constitutional issue raised for the first time on appeal.

local governing body may be reconstructed through testimony and exhibits in the district court. *Shaw v. Burleigh County,* 286 N.W.2d 792 (N.D.1979). "Other ways to reconstruct an inadequate or non-existent record include, but are not limited to, a stipulation of the evidence presented to the commission, affidavits stating what was presented to the commission, or other suitable documentation." *Pulkrabek v. Morton County,* 389 N.W.2d at 614 n. 4.[3] A participant in a proceeding before a local governing body may make reconstruction of a record unnecessary by engaging the services of a court reporter to prepare a transcript in anticipation of a possible appeal. But a direct, verbatim transcript is unnecessary for review when the record can be reconstructed in other ways.

■■■ "A 'de novo' hearing, as applied to judicial review of the Grafton City Council's determinations, means a trial to determine whether or not the council acted arbitrarily, oppressively, or unreasonably in declaring Pic's property to be substandard and ordering its removal." *Pic I,* 339 N.W.2d at 765. Judicial review of non-judicial decisionmaking is, under the separation of powers, limited to whether the decision is arbitrary, capricious, or unreasonable.

*Koch Hydrocarbon Co. v. State Bd. of Equalization,* 454 N.W.2d 508 (N.D.1990). The courts do not substitute their judgment for that of a non-judicial body whose decision is being reviewed. *Id.; Shaw v. Burleigh County,* 286 N.W.2d 792. These principles guide our review of these demolition orders by the Grafton City Council.

■■■ For Pic's property at 431 Prospect Avenue, the district court had before it copies of Dusek's findings from his inspections of the property on July 6, 1988, and January 20, 1989, as well as photographs of the property. For Pic's property at 420 Stephen Avenue, the district court had before it photographs of the property, a transcript apparently prepared from a tape recording of the proceedings before the Grafton City Council, and a video tape taken during the November 15, 1988, inspection of the property. In both cases, the district court had before it very detailed findings of fact made by the Grafton City Council. These findings also described much of the evidence that the Council used. The evidence before the district court provided a sufficient evidentiary basis for review of the Council's findings and orders. We agree with the district court's conclusions

---

**3.** NDCC 28–34–01(2), (3), enacted in 1989 after these proceedings reached the district court, deal with the making of a record for appeal from a decision of a local governing body:

2. The appellee shall prepare and file a single copy of the record on appeal with the court. Within thirty days, or such longer time as the court by order may direct, after the notice of appeal has been filed in the court, and after the deposit by the appellant of the estimated cost of a transcript of the evidence, the local governing body shall prepare and file in the office of the clerk of the court in which the appeal is pending the original or a certified copy of the entire proceedings before the local governing body, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, exhibits, reports or memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the local governing body, and the decision of the local governing body in the proceedings. If the notice of appeal specifies that no exception or objection is made to the local governing body's findings of fact, and that the appeal is concerned only with the local governing

body's conclusions based on the facts found by it, the evidence submitted at the hearing before the local governing body must be omitted from the record filed in the court. The court may permit amendments or additions to the record to complete the record.

3. If the court determines on its own motion or if an application for leave to adduce additional evidence is made to the court in which an appeal from a determination from a local governing body is pending, and it is shown to the satisfaction of the court that such additional evidence is material and that there are reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the local governing body, or that such evidence is material to the issues involved and was rejected or excluded by the local governing body, the court may order that such additional evidence be taken, heard, and considered by the local governing body on such terms and conditions as the court may determine. After considering the additional evidence, the local governing body may amend or modify its decision, and shall file with the court a transcript of the additional evidence together with its new or modified decision, if any.

that the Grafton City Council did not act arbitrarily, capriciously, or unreasonably in these cases.

The judgments are affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.