**CITY OF FARGO, a Municipal Corporation, Plaintiff and Appellee,**

v.

**Bernie M. NESS, Jr. and Rhonda M. Ness, Defendants and Appellants.**

**Civ. No. 940332.**

Supreme Court of North Dakota.

March 16, 1995.

---

The Nesses own a single family residence in Fargo. In 1991 they obtained a building permit from the City to construct a 12 × 16 foot enclosed wooden deck at the rear of their home. While constructing that deck, the Nesses attached an unenclosed deck beside it, extending to the side lot boundary of their property. The city building inspector determined the deck extension violated a city zoning ordinance prohibiting uncovered porches extending more than three feet into a required side yard. The Nesses were requested in writing to remove or modify the deck to comply with the ordinance. They did not do so.

In July 1992 the Nesses petitioned the Fargo Board of Adjustment for a variance to permit them to retain the deck extension as constructed. The Board denied the petition. In November 1992 the building inspector notified the Nesses that the time for appealing the Board's denial of the variance had passed and requested the Nesses to remove or modify the deck extension. They did not do so.

On April 2, 1993, the City filed this action for an affirmative injunction requiring the Nesses to remove or modify the deck extension. Shortly thereafter, the Nesses petitioned a second time for a variance from the Fargo Board of Adjustment. That petition was denied by the Board on April 27, 1993. The Nesses then appealed the Board's decision to the Fargo Board of City Commissioners under Subsection 40–47–11(1), N.D.C.C. On June 7, 1993, the City Commission upheld the decision of the Board of Adjustment. The Nesses then filed an amended answer in this suit, asserting their deck extension is not in violation of the city zoning ordinances. The Nesses included a counterclaim in their amended answer seeking a review by certiorari, under Subsection 40–47–11(2), N.D.C.C., of the City Commission's decision upholding the Board of Adjustment's denial of a variance.

The City moved for summary judgment. Following a hearing at which counsel for both parties presented oral arguments, the district court filed a memorandum opinion stating, in part:

"The crux of this case is whether review by writ of certiorari is limited to the issue

Wayne O. Solberg, of Solberg, Stewart, Miller & Johnson, Fargo, for plaintiff and appellee.

J. Philip Johnson, of Wold Johnson, P.C., Fargo, for defendants and appellants. Appearance by Jerel C. Schimmelpfenning.

VANDE WALLE, Chief Justice.

Bernie and Rhonda Ness appealed from a district court judgment awarding the City of Fargo (City) affirmative injunctive relief ordering the Nesses to remove or modify a wooden deck in violation of the city zoning ordinances. Because we conclude the trial court improperly limited its review to the issue of jurisdiction, we reverse and remand for further proceedings.

of jurisdiction only or whether it involves a broader scope of review extending to the merits.

\*　　\*　　\*　　\*　　\*　　\*

"The [Nesses] assert that NDCC 40–47–11(2) specifically broadens the scope of review by certiorari. In particular, [the Nesses] rely on the following language: 'The court may take evidence as may be required to determine the questions presented.'

\*　　\*　　\*　　\*　　\*　　\*

"[T]his court concludes, as a matter of law, based upon a review of the record, that the City of Fargo has not exceeded its jurisdiction in this matter.

\*　　\*　　\*　　\*　　\*　　\*

"In the opinion of this Court, there are no genuine material issues of fact, and the [City] is entitled to a Judgment as a matter of law."

Having decided only that the City acted within its jurisdiction, and without reviewing any other issues raised before it, the trial court entered a summary judgment granting the City's request for an affirmative injunction requiring the Nesses to remove or modify the deck extension to comply with the city ordinances. The Nesses appealed.

■ The Nesses assert the City is not entitled to injunctive relief because it has not shown that other remedies, such as money damages, are unavailable. Section 40–47–12, N.D.C.C., specifically authorizes a city to seek judicial relief to abate the violation of a city zoning ordinance. Under this statutory provision, a city can choose to restrain, correct, or abate zoning violations by seeking injunctive relief, without demonstrating the unavailability of alternative remedies. *See Munch v. City of Mott*, 311 N.W.2d 17 (N.D. 1981).

■ The Nesses also assert that the trial court erred in limiting its review to the question of jurisdiction. More specifically, the Nesses assert that under Subsection 40–47–11(2), N.D.C.C., the court's review is not limited to the jurisdiction question, but extends to a determination of whether the City has acted arbitrarily, capriciously, or unreasonably in interpreting and applying the zoning ordinances.

Under Subsection 40–47–11(1), N.D.C.C., a decision by a city board of adjustment can be appealed to the city's governing body. Under Subsection 40–47–11(2), N.D.C.C., the decision of the city's governing body is subject to review in the courts by certiorari:

"*A decision of the governing body of the city* on an appeal from a decision of the board of adjustment *is subject to review by certiorari.* The application for a writ of certiorari shall be made to the district court of the county in which the city is situated within fifteen days after notice of the decision of the governing body of the city. The writ is returnable within twenty days after the rendition of the decision. *The court may take evidence as may be required to determine the questions presented.* The supreme court, upon application filed within fifteen days after the determination of the district court, shall review the action of the district court by certiorari." [Emphasis added.]

Chapter 32–33, N.D.C.C., sets forth the substance and procedure for obtaining relief by a writ of certiorari. Under Section 32–33–01, N.D.C.C., courts are authorized to issue a writ of certiorari when an officer, board, tribunal, or inferior court has exceeded its jurisdiction and there is no appeal or other adequate remedy or the court deems it necessary to issue the writ to prevent a miscarriage of justice. Section 32–33–09, N.D.C.C., expressly limits review upon a writ of certiorari, "unless otherwise provided by law," to a determination of whether the lower governing body "has pursued regularly" its authority. We have construed these provisions to mean that certiorari lies only to review whether the lower governing body has, by its actions, exceeded its jurisdiction. *Manikowske v. N.D. Workmen's Compensation Bureau*, 373 N.W.2d 884 (N.D.1985); *Parker Hotel Co. v. City of Grand Forks*, 177 N.W.2d 764 (N.D.1970).

■ Because Subsection 40–47–11(2), N.D.C.C., authorizes the court to take evidence, the Nesses assert the court's review by certiorari is not limited to the issue of

jurisdiction, but extends to a review of whether the City's decision is arbitrary, capricious, or unreasonable. Whether the Legislature intended a broader scope of review under Subsection 40–47–11(2), N.D.C.C., than the jurisdictional determination usually afforded by a certiorari review, is not made clear by the language of the statute. Authorization for the court to hold an evidentiary hearing creates an ambiguity about the appropriate scope of review. When we construe an ambiguous statute to ascertain the Legislature's intent we can consider extrinsic evidence, including the legislative history of the statute. Section 1–02–39, N.D.C.C.; *Kroh v. American Family Ins.*, 487 N.W.2d 306 (N.D.1992).

The predecessor legislation to Section 40–47–11, N.D.C.C., was enacted in 1923. S.L. 1923, Ch. 175, § 7. Even under the original enactment, board of adjustment decisions were subject to review by certiorari.[1] However, the original statute did not detail the procedure for seeking certiorari relief, nor did it provide that the court could take evidence in conducting the review. In *Livingston v. Peterson*, 59 N.D. 104, 228 N.W. 816, 818 (1930), this court held that review under the statute was limited to the jurisdiction question:

> "There is nothing to indicate the Legislature intended to change the office of the writ so as to make it operate as an appeal. We must assume, when the Legislature made provision for review by certiorari, that the Legislature had in mind the writ of certiorari, its purpose, and its scope. Certiorari merely reviews the record. It does not review the evidence. The provision which says, 'The decision of such board shall * * * be subject to review by certiorari,' means that the decision of the board as to its jurisdiction may be reviewed by certiorari. It cannot be construed so as to extend the power of the writ to a control of the discretion and the judgment."

The current language of the statute, setting forth procedures for the review by certiorari and allowing the court to take evidence, was enacted as part of the North Dakota Revised Code of 1943. R.C.1943, § 40–4711. The report of the Code Revision Commission regarding these changes clearly indicates a legislative intent to expand the scope of review by certiorari under this statute beyond the jurisdictional question to include a review of sufficiency of the evidence. The Reviser's Note of the Code Revision Report states, in relevant part:

> "This section is a part only of S.L.1923, c. 175, s. 7. The section stated 'Every decision of such board shall, however, be subject to review by certiorari.' Under C.L. 1913, s. 8445, as amended by S.L.1919, c. 76, as pointed out in the case of *Peterson vs. Points*, 67 N.D. 631, 275 N.W. 867 [ (1937) ], 'the appellate court may not review the sufficiency of the evidence or findings of the lower court (or official or board) except to determine whether the inferior court (or official or board) has exceeded its jurisdiction.' Accordingly, the certiorari provision standing alone is meaningless because the board of adjustment has jurisdiction by the terms of the statute itself. In order to effectuate the purpose of the legislative assembly, we have revised the section to follow the language contained in S.L.1937, c. 161, s. 8, because this section has been construed by the supreme court. In the case of Peterson vs. Points, supra, the court stated 'It is in keeping with the purpose of the act that either party may obtain a speedy review of the proceedings thereunder in the Supreme Court, and that such review be broad enough to permit a consideration of the sufficiency of the evidence. The legislature by the enactment of s. 8, chapter 161, supra, no doubt intended to provide for a more speedy review of cases arising under the moratorium act than would have been available had provision been made for an appeal, without limiting the scope of the review to that available in certiorari pro-

---

**1.** In 1985 the Legislature amended Section 40–47–11, N.D.C.C., to authorize under Subsection 1 an appeal from the board of adjustment to the city's governing body and under Subsection 2 a court review by certiorari of the decision of the city's governing body. S.L.1985, Ch. 466, § 1. Those amendments are not relevant to the issues in this appeal.

ceedings under s. 8445, supra. The fact that a specific provision was made for review by certiorari indicates an intention to permit a more comprehensive consideration in the appellate court of cases arising under this act than that already available in certiorari proceedings.' The same reasoning would apply to the inclusion in this section of a specific provision relating to certiorari if a specific procedure is set out."

The Reviser's Note tells us that the specific procedures for certiorari review of the board of adjustment's decisions were added by the Legislature in recognition of the Supreme Court's decision in *Peterson v. Points*, 67 N.D. 631, 275 N.W. 867 (1937), holding that similar language included in another statute expanded review by certiorari to include a review of the sufficiency of the evidence to support the governing body's decision being reviewed.

The opinion in *Peterson v. Points, supra*, 275 N.W. at 869, relied upon by the Code Reviser, sheds additional light on the Legislature's intent in amending the predecessor to Subsection 40–47–11(2), N.D.C.C.:

"In certiorari proceedings under section 8445, 1925 Supplement to Compiled Laws,[2] the appellate court may not review the sufficiency of the evidence or findings of the lower court, except to determine whether the inferior court has exceeded its jurisdiction.

\* \* \* \* \* \*

"The Legislature, by the enactment of section 8, chapter 161, supra, no doubt intended to provide for a more speedy review of cases arising under the Moratorium Act than would have been available had provision been made for an appeal, without limiting the scope of the review to that available in certiorari proceedings under section 8445, supra. The fact that a specific provision was made for review by certiorari indicates an intention to permit a more

comprehensive consideration in the appellate court of cases arising under this act than that already available in certiorari proceedings. We have, therefore, considered the entire record certified to us including the showing made to the trial court by both parties, and upon which the court made its findings and order, for the purpose of determining whether there is any substantial competent evidence to sustain them."

In light of this compelling legislative history, we construe Subsection 40–47–11(2), N.D.C.C., as affording an expanded review by certiorari, beyond the question of jurisdiction, to include a determination of whether there is evidence to support the decision of the city's governing body. We hold that the district court committed reversible error by limiting its review in this case to a determination of whether the City acted within its jurisdiction. The court was obligated to conduct a broader scope of review.

However, the trial court's scope of review under this statute is not without limitations. In reviewing a decision of the city's governing body under this statute, the trial court must be guided by the separation of power principles enunciated in *Shaw v. Burleigh County*, 286 N.W.2d 792 (N.D.1979), wherein this court concluded that judicial review of a nonjudicial governing body is limited to determining whether that body's decision is arbitrary, capricious, or unreasonable. *Pic v. City of Grafton*, 460 N.W.2d 706 (N.D.1990), is in accord with the *Shaw* decision. *Pic* involved the scope of judicial review of a city council's orders requiring demolition of two buildings. We concluded that, even though a de novo hearing was authorized for reviewing the city council's determinations, the court could not substitute its judgment for that of the governing body and the court's review was limited to determining whether the city council's decision was arbitrary, capricious, or unreasonable.

**2.** This law is currently codified under Section 32–33–01, N.D.C.C., which provides:

*"When and by whom writ of certiorari granted.*—A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board,

tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice."

The City has the burden to prove it is entitled to an affirmative injunction. To obtain such relief under Section 40–47–12, N.D.C.C., the City must prove that the structure it wants removed or modified is in violation of an ordinance or other regulation of the City. The court's review under Subsection 40–47–11(2), N.D.C.C., is limited to determining whether the City acted within its jurisdiction and whether its decision was arbitrary, capricious, or unreasonable. If the trial court accepts new evidence as permitted in Subsection 40–47–11(2), N.D.C.C., its review of that evidence is governed by our decision in *Shaw, supra,* 286 N.W.2d at 796, where we said that the authority of the trial court to take evidence "must be viewed in light of the findings, if any, the decision, and the reasons given therefor" by the governing body.[3] However, the court is entitled to fully review the City's interpretation of ordinances or regulations, and failure of the governing body to correctly interpret and apply controlling law constitutes arbitrary, capricious, or unreasonable conduct. *See Gullickson v. Stark County Commissioners,* 474 N.W.2d 890 (N.D.1991).

The City has raised an issue whether the Nesses' request for review by certiorari under Subsection 40–47–11(2), N.D.C.C., was brought in a proper and timely fashion. Also, the Nesses have raised numerous issues in support of their position that the City is not entitled to injunctive relief. All of these issues potentially involve disputed factual questions, none of which have been addressed by the court below. Furthermore, some or all of these issues may become moot, depending upon the trial court's decisions in reviewing the case upon remand. Questions, the answers to which are not necessary to the determination of an appeal, need not be considered. *Marsh v. Binstock,* 462 N.W.2d 172 (N.D.1990). Consequently, it is neither necessary nor appropriate for us to address these issues in this appeal.

The summary judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.

SANDSTROM, NEUMANN and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

---

3. Section 28–34–01, N.D.C.C., establishes procedures for appeals from local governing bodies. It was enacted in response to the court's decisions in cases such as *Shaw v. Burleigh County,* 286 N.W.2d 792 (N.D.1979). The statute specifically excludes Section 40–47–11, N.D.C.C., from its purview. The Report of the North Dakota Legislative Council of the Fifty-first Legislature Assembly, 1989, at page 141, indicates that "[c]ourt reviews by *writ of certiorari* are excepted from the provisions of the bill," presumably because the procedure applied only to appeals and certiorari was intended to be a more speedy review than appeal.