**CITY OF FARGO, a municipal corporation, Plaintiff and Appellant,**

v.

**Bernie M. NESS, Jr. and Rhonda M. Ness, Defendants and Appellees.**

**Civil No. 950395.**

Supreme Court of North Dakota.

July 18, 1996.

Wayne O. Solberg (argued), of Solberg, Stewart, Miller & Johnson, Fargo, for plaintiff and appellant.

J. Philip Johnson (argued), of Wold Johnson, P.C., Fargo, for defendants and appellees.

MARING, Justice.

The City of Fargo appealed from a district court judgment dismissing the City's action against Bernie and Rhonda Ness for an affirmative injunction requiring the Nesses to remove or modify a wooden deck. We hold that the Nesses' deck is not in violation of the City zoning ordinance, and we affirm the judgment.

The underlying facts are set forth in *City of Fargo v. Ness*, 529 N.W.2d 572 (N.D.1995), and will be repeated here only as necessary to an understanding of the issues raised in this appeal. The Nesses own a single family residence in Fargo. In 1991 they constructed a wooden deck at the rear of their home and attached an unenclosed deck beside it, extending to the side lot boundary of their property. The City building inspector determined the deck extension violated the City's zoning ordinance prohibiting uncovered porches extending more than three feet into a required side yard. The Nesses were requested to remove or modify the deck but

they refused to do so. The City then filed this action for an affirmative injunction requiring the Nesses to remove or modify the deck extension.

Concurrently, the Nesses filed two requests with the Fargo Board of Adjustment seeking a variance to retain the deck as constructed and located. The requests were denied and the denials were upheld by the Fargo Board of City Commissioners. In a counterclaim to the City's action for injunctive relief, the Nesses requested the district court to review by certiorari, under § 40–47–11(2), N.D.C.C.,[1] the City Commission's decision upholding the Board of Adjustment's denial of the variance. The district court, deciding only that the City had acted within its jurisdiction, and without reviewing any other issues, entered a summary judgment granting the City's request for an affirmative injunction requiring the Nesses to remove or modify the deck extension.

The Nesses appealed, and in *City of Fargo v. Ness*, 529 N.W.2d at 576, we held the district court erred by limiting its review to a determination of whether the City had acted within its jurisdiction. We reversed and remanded the case with specific instructions to the district court:

"The City has the burden to prove it is entitled to an affirmative injunction. To obtain such relief under Section 40–47–12, N.D.C.C., the City must prove that the structure it wants removed or modified is in violation of an ordinance or other regulation of the City. The court's review under Subsection 40–47–11(2), N.D.C.C., is limited to determining whether the City acted within its jurisdiction and whether its decision was arbitrary, capricious, or unreasonable. If the trial court accepts new evidence as permitted in Subsection 40–47–11(2), N.D.C.C., its review of that evidence is governed by our decision in *Shaw [v. Burleigh County]*, *supra*, 286 N.W.2d [792] at 796, [(N.D.1979)] where we said that the authority of the trial court to take evidence 'must be viewed in light of the findings, if any, the decision, and the rea-

sons given therefor' by the governing body. However, the court is entitled to fully review the City's interpretation of ordinances or regulations, and failure of the governing body to correctly interpret and apply controlling law constitutes arbitrary, capricious, or unreasonable conduct."

*City of Fargo v. Ness*, 529 N.W.2d at 577 (footnote omitted).

On remand, the district court held an evidentiary hearing and reviewed the City's interpretation and application of its zoning ordinance. The district court concluded that the Nesses' deck was not in violation of the ordinance and, consequently, that the City had acted arbitrarily, capriciously, and unreasonably in requesting the Nesses to remove or modify it. The court dismissed the City's action, and the City appealed.

The City argues the district court erred in dismissing its request for affirmative injunctive relief. The dispositive issue is whether the City's decision that the Nesses' deck is in violation of its zoning ordinance is arbitrary, capricious, or unreasonable. We fully review the interpretation of an ordinance, and a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct. *Gullickson v. Stark County Comm'rs*, 474 N.W.2d 890, 892 (N.D.1991). We summarized the standards we use to construe an ordinance in *Pulkrabek v. Morton County*, 389 N.W.2d 609, 614–615 (N.D. 1986) (citations omitted):

"Zoning ordinance interpretations are subject to the ordinary principles of statutory construction.... The basic rule of construction is to ascertain the intent of the enacting body.... An ordinance must be viewed as a whole and given a fair and reasonable construction in view of the setting in which it was enacted; the goals and purposes of the ordinance; the plain and ordinary meaning of the words; and the general structure of the ordinance."

applies here. *See City of Fargo v. Ness*, 529 N.W.2d at 574.

---

**1.** This provision was amended by the 1995 Legislature, effective August 1, 1995. S.L.1995, ch. 315, § 2. The parties agree the prior version

The relevant City ordinance is Section 20–0321(H), which provides, in part:

"H. STRUCTURES IN YARDS AND COURTS: Every part of a required yard or court shall be open and unobstructed by any building or structure, from its lowest point upward, except as follows:

*   *   *   *   *   *

"3. Walks, steps for negotiating ground slopes, retaining walls, hedges and natural growth fences, paved terraces and paved areas, *structures used ornamentally or for gardening or for private recreation purposes,* and structures of essential service, all accessory to and customarily incidental to the principal use, *are permitted in yards and courts, provided that a side yard strip one and one-half feet in width adjoining the side line of the lot shall be unobstructed by any structure or feature, except a fence, that is higher than two feet above the ground level. ...*

"4. Uncovered porches, and steps to building entrances may extend not more than ten feet into any required front yard or rear yard and not more than three feet into any required side yard or court." (Emphasis added).

This ordinance permits structures used for private recreation purposes and not more than two feet high to occupy the entire required side yard of the property. The district court made three specific findings of fact relevant to the application of the above ordinance to this case:

"The deck behind the [Nesses'] home, which is at issue in this case, has a height of 18 inches at the house, and has a height of 22 inches at the edge of the yard, which is its highest elevation. The deck in question at no point reaches the height of 24 inches.

"The [Nesses'] daughters use this deck for sunbathing. The [Nesses] barbecue on the deck, read on the deck, and sit in lawn chairs on the deck.

"The [Nesses'] deck at issue in this case is a structure used for private recreational purposes."

Findings of fact made by the district court will not be overturned on appeal unless they are clearly erroneous. Rule 52(a), N.D.R.Civ.P. These findings by the trial court are supported by the evidence in the record and are not disputed by the City on appeal. As applied to these facts, we conclude the language of Subsection 20–0321(H)(3) is unambiguous and clearly permits the deck to extend to the side lot boundary of the Nesses' property.

The City argues the deck should be considered an "uncovered porch" which, under Subsection 20–0321(H)(4), cannot extend more than three feet into the required side yard.[2]

The term "uncovered porch" is not defined in the ordinance. Words used in any statute or ordinance are to be understood in their plain and ordinary meaning. Section 1–02–02, N.D.C.C.; *Pulkrabek,* 389 N.W.2d at 615. Webster's New World Dictionary (Second College Edition) defines porch:

"*porch* ... 1. A covered entrance to a building, usually projecting from the wall and having a separate roof 2. An open or enclosed gallery or room on the outside of a building; veranda...."

The Nesses' deck is adjacent to an enclosed deck which the City has approved and is not in dispute here. The disputed deck does not serve as an entrance to the house. Also, the City does not and cannot reasonably argue the deck is a veranda, gallery, or room. We consider it unreasonable, therefore, for the City to apply the uncovered porch side yard limitations under Subsection 4 to the Nesses' deck when that structure clearly is covered under Subsection 3 which permits its location in the side yard without restriction.

The City argues the district court did not give adequate deference to the City's interpretation of its own ordinance. " 'We have often held that in construing a statute of doubtful meaning the court will give weight to the long-continued, practical con-

2. For purposes of this issue, we assume the City is correct that the Nesses' required side yard is six feet.

struction placed thereon by the officers charged with the duty of executing and applying the statute.'" *Capital Electric Cooperative, Inc. v. Public Service Commission*, 534 N.W.2d 587, 593 (N.D.1995), quoting *Horst v. Guy*, 219 N.W.2d 153, 159 (N.D. 1974). A city's interpretation of its own zoning ordinance is generally given deference by the courts. *Pulkrabek*, 389 N.W.2d at 615. In the present case, the record does not establish any long-established, practical construction by the City Commission of the phrase "uncovered porch." Furthermore, the controlling ordinance provision here is unambiguous. Consequently, there is no room for interpretation and no need to give deference to the governing body's construction of it. Unambiguous statutes are construed according to their plain, ordinary and commonly understood meaning. Section 1–02–02, N.D.C.C.; *Wingerter v. North Dakota Dep't of Transp.*, 530 N.W.2d 362 (N.D.1995). When a statute is unambiguous, the letter of it is not disregarded in pursuit of its spirit. Section 1–02–05, N.D.C.C.

Having reviewed the City's zoning ordinance, we conclude the Nesses' deck is permitted under Subsection 20–0321(H)(3) and, therefore, is not in violation of the ordinance. We hold that the City's contrary interpretation is arbitrary, capricious, and unreasonable and that the City has failed, therefore, to meet its burden of proving it is entitled to affirmative injunctive relief to have the deck removed or modified.

In its judgment, the district court granted the Nesses' writ of certiorari and reversed the decision denying the request for a variance. The City argues the Nesses' request for certiorari review of the denial of the variance was not timely. Under the circumstances of this case, we find the City's argument is without merit.

The judgment of the district court dismissing with prejudice the City's action for injunctive relief is affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.