2008 ND 28

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael KOCHEL, Defendant and Appellant.**

**No. 20070174.**

Supreme Court of North Dakota.

Feb. 21, 2008.

Elton Ray Anson (submitted on brief), Assistant State's Attorney, Hettinger, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek (argued), Mandan, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Michael Kochel appeals the district court's judgment entered after a jury found him guilty of possession of methamphetamine, possession of marijuana and possession of drug paraphernalia. Kochel argues the district court erred in denying his suppression motion. We conclude law

enforcement officers violated the constitutional prohibition against unreasonable search and seizure when searching an addition to Kochel's home without a warrant. We reverse the district court's judgment and remand for further proceedings.

I

[¶ 2] Kochel lives in a mobile home in rural Adams County. The home has a fully enclosed addition with its own storm door. The addition also has deck-like steps leading to the entry door. A "no hunting or trespassing" sign is mounted on the handrail next to the steps. There are several other "no trespassing" signs on the property, including one at the driveway turnoff, one on an outbuilding and one on each end of the property bordering the road. Kochel refers to the addition as a "utility room." The addition is carpeted and contains a stocked freezer, clothes, tools and other personal items. The home has two other entrances.

[¶ 3] On November 1, 2006, law enforcement officers went to the Kochel residence performing a welfare check on another individual who was "alleged to frequent the . . . residence." As they approached the home, the officers spotted an individual walking near the residence, but they lost sight of the individual upon arrival. The officers approached the entry door to the addition, which was open halfway. One officer knocked on the doorframe and yelled, "Is anyone home?" After receiving no response, the officer went through the doorway. Inside, an interior door was also open. The officer knocked and called out again, receiving no response. From his position in the open inner doorway, the officer was able to see a lightbulb on a table just beyond the doorway. The lightbulb contained a dark residue, and its base was removed. The officer also saw matches on the table next to the lightbulb. The officer believed the lightbulb constituted drug paraphernalia.

[¶ 4] Based on these observations, the officer successfully applied for a search warrant. When the search warrant was executed, officers found illicit drugs in the home. Kochel was subsequently arrested, charged and found guilty by a jury.

[¶ 5] Kochel claims the addition is part of his home and was marked with a "no trespassing" sign; thus, he had a reasonable expectation of privacy. He argues the district court erred in denying his suppression motion because his Fourth Amendment protection against unreasonable search and seizure was violated. We agree.

II

[¶ 6] Whether an individual has a reasonable expectation of privacy is reviewed de novo. *State v. Carriere*, 545 N.W.2d 773, 775 (N.D.1996).

[¶ 7] "[W]arrantless searches and seizures inside a home are presumptively unreasonable." *State v. Kitchen*, 1997 ND 241, ¶ 13, 572 N.W.2d 106. "[W]hen a house has an enclosed porch, vestibule, or entryway attached to the home . . . the reasonableness of each situation [must be given] due consideration to the particular characteristics of the home in question." *Id.* at ¶ 14. In *Kitchen*, the home had only one entrance, a "narrow enclosed entryway with steps leading to an inner door approximately five or six feet away." *Id.* at ¶ 3. The outer door was a storm door through which the inner door could be seen. *Id.* Law enforcement officers entered the outer door after no one responded to the doorbell. *Id.* at ¶ 4. Once inside the entryway, the officers smelled the odor of marijuana, which allowed them to obtain a search warrant. *Id.* at ¶ 5. Illegal drugs and drug para-

phernalia were found in the home, and the Kitchens were criminally charged. *Id.* The Kitchens argued police officers should not have entered the entryway to their home because their expectation of privacy made the search unreasonable. *Id.* at ¶ 6. We held the Kitchens did not have a reasonable expectation of privacy because the entryway was "impliedly open to at least some access by the public" and could not be considered a living area. *Id.* at ¶ 29.

[¶ 8] The State argues Kochel has no reasonable expectation of privacy because the addition is like the entryway in *Kitchen.* We disagree, noting several material differences between the Kitchens' entryway and Kochel's addition.

[¶ 9] Kochel's addition is most distinguishable from the entryway in *Kitchen* by a "no hunting or trespassing" sign posted on the steps outside the home. The United States Supreme Court has determined "no trespassing" signs in open fields cannot effectuate an increased expectation of privacy. *Oliver v. United States,* 466 U.S. 170, 179, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). However, a "no trespassing" sign on a structure, particularly a residence, indicates a reasonable expectation of privacy. *See United States v. Hall,* No. 97–30296, 1998 U.S.App. Lexis 12574, at *8 n. 1, (9th Cir.1998) (distinguishing a "no trespassing" sign in a mobile home window from a "no trespassing" sign adjacent to a driveway). When calling on an individual at a residence, law enforcement officers engaged in legitimate business have "no less right to be there than any member of the public calling at that home." *Kitchen,* 1997 ND 241, ¶ 15, 572 N.W.2d 106. A "no trespassing" sign posted on a residence indicates uninvited guests, including law enforcement officers lacking a warrant, are unwelcome. Kochel testified the reason for posting the sign is to keep people out of his home. The "no

hunting or trespassing" sign alerts members of the public that Kochel's addition is a private area not accessible without the resident's permission. Any uncertainty that the addition is an integral part of the home where privacy is reasonably expected is removed by the presence of the sign.

[¶ 10] The "no hunting or trespassing" sign notwithstanding, Kochel's addition does not resemble the "enclosed porch, vestibule, or entryway" described in *Kitchen.* Viewing the exterior of the addition, the structure is fully enclosed by wooden walls complete with a door and a window. The addition appears large enough to accommodate a small room. Kochel's addition is distinguishable from the entryway in *Kitchen* in the same way *Kitchen* was distinguished from *State v. Blumler,* 458 N.W.2d 300 (N.D.1990).

"The situation presented here is distinguishable from *Blumler* in at least two respects. First, in *Blumler,* law enforcement entered an attached garage, not a small attached entryway. We have long recognized that a closed garage may be an intimate part of the residence where an owner had a reasonable expectation of privacy. Second, the officers in *Blumler* chose the garage door instead of a more direct access to the residence, while the officers in the present case had only one access to the Kitchens' residence."

*Kitchen,* 1997 ND 241, ¶ 17, 572 N.W.2d 106 (citations omitted). The size of Kochel's addition and amount of enclosure the addition provides is more similar to the garage in *Blumler* than the entryway in *Kitchen.* Like *Blumler,* Kochel's home has two other entrances where the officers could have knocked, including one on the same side of the house as the addition. The officers did not attempt to knock at either of the alternative doors before entering the addition. Furthermore, Kochel stores many personal items in the addition

that would have been visible to someone at the threshold of a halfway open door. This suggests the addition was being used as a room rather than as a vestibule or entryway. Presence of personal property such as clothing is indicative that an area is private. *State v. Sakellson*, 379 N.W.2d 779, 782 (N.D.1985). These visual indicators suggest a reasonable expectation of privacy that the officers should have acknowledged.

[¶ 11] The State argues because the door was partially open, the officer's decision to enter the home was reasonable. While an open door may "invite the gaze of curious passers-by and lessen the reasonable anticipation of privacy in the home," it does not alone justify an officer's entry into the home. *Sakellson*, at 782.

[¶ 12] Considering the "no hunting or trespassing" sign, size of the room, presence of a window and carpeting, and presence of personal property, Kochel's addition is an integral part of his home to which an objective expectation of privacy should extend. Law enforcement's warrantless entry into this addition was unreasonable, and the district court should have excluded all evidence obtained from the search.

### III

[¶ 13] We conclude the prohibition against unreasonable searches and seizures was violated when law enforcement officers entered the addition to Kochel's home. We reverse the district court's judgment and remand for further proceedings.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.