Arnie ANDERSON, Harley Anderson, Perry Anderson, Richard V. Anderson, Gregory Bauer, Alfred Braun, Francis Birchem, James Birchem, George Gabbert, Howard Gabbert, Mary M. Gray, Carl Hansen, Eugene Hamling, Henry Herding, Philip Herding, Eugene Klein, George Knudsen, Jr., Delmar Pohl, Albin Pribbernow, Norman Pribbernow, Alvin Prochnow, Ronald Prochnow, Bruce Sturgess, John Sturgess, Clarence Swanson and William G. Wurl, Plaintiffs and Appellants,

v.

RICHLAND COUNTY WATER RESOURCE BOARD, a political subdivision of the State of North Dakota, Defendant and Appellee.

Civ. Nos. 920357, 920358.

Supreme Court of North Dakota.

Sept. 8, 1993.

Glenn M. Fenske of Kropp Law Office, Jamestown, for plaintiffs and appellants.

Duane R. Breitling of Ohnstad Twichell, West Fargo, for defendant and appellee.

SANDSTROM, Justice.

The plaintiff landowners in Richland County appeal from a judgment granted to the Richland County Water Resource Board, and from the district court's order denying the landowners' motion for post-judgment relief. We affirm.

## I

Richland County Drain No. 3 was established in 1961 to help control flooding in southern Richland County. The drain is located in the West Tributary Bois–de–Sioux River Watershed, which includes land in Fairmount, Devillo, Lamars, and Greendale Townships of Richland County as well as land in Roberts County, South Dakota. Greendale Township is upstream from the other Richland County townships in the watershed.

The drain was established after a vote of affected landowners in accordance with N.D.C.C. Ch. 61–16. As that chapter existed in 1961,[1] landowners assessed for a proposed water project's construction cost had a statutory right to vote for or against the project.

---

1. In 1981, the legislature amended the water law statute. Prior to 1981, N.D.C.C. Ch. 61–16 referred to the operation of Water Conservation and Flood Control Districts, and N.D.C.C. Ch. 61–21 referred to the Board of Drainage Commissioners. Under the 1981 amendments, Water Conservation and Flood Control Districts became Water Resource Districts. In addition, the

Board of Managers for Water Resource Districts assumed the duties of Drainage Commission Boards. *See Larson v. Wells County Water Resource Bd.*, 385 N.W.2d 480, 483 n. 3 (N.D.1986); S.L.1981, ch. 632. Richland County Drain No. 3 was established under N.D.C.C. Ch. 61–16, rather than Ch. 61–21, because the drain was considered a flood control project.

Land was assessed only if it was to benefit from a proposed project. In estimating benefits for Drain No. 3, the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners assessed land in Fairmount, Devillo, and Lamars Townships. The Board of Commissioners did not assess land in Greendale Township. Consequently, Greendale Township landowners did not vote on whether or not to construct Drain No. 3.

In 1991, the Richland County Water Resource Board, the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners' successor, reapportioned benefits and assessments for Drain No. 3 under N.D.C.C. § 61–21–62.[2] The Water Resource Board determined that Greendale Township benefited from the drain and assessed the landowners for 23.5 percent of the drain's future maintenance costs. At the same time, the Water Resource Board reapportioned assessments for land in Fairmount, Devillo, and Lamars Townships.

The Water Resource Board notified the affected landowners of their right to protest the reassessments and, at a hearing in March, 1991, several Greendale Township landowners objected to the Board's action.

Greendale Township landowners claimed that the Board lacked authority to change the 1961 assessments because of the 30–year time lapse, and that the Water Resource Board could not reassess without the affected landowners' voting approval. The landowners complained they were being assessed through a "backdoor" for a project they never wanted. They contend the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners knew that Greendale Township was benefited by the drain in 1961, but did not assess the land for fear the landowners would vote against the project. After investigating the concerns expressed by the landowners, the Water Resource Board, in July 1991, issued an order confirming the reassessments.

The Greendale Township landowners appealed the Water Resource Board's administrative order. The landowners also began a separate action in district court seeking declaratory relief and an adjudication of their rights.

The district court consolidated the cases and granted judgment to the Water Resource Board in August, 1992. The district court concluded there was no time limit for the Water Resource Board reapportioning benefits and assessments under N.D.C.C. § 61–21–62, and the landowners had no voting rights under § 61–21–62. The court also concluded no reasonable person could conclude that the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners, or the Water Resource Board, had inequitably deprived the landowners of the right to vote against the

---

**2.** N.D.C.C. § 61–21–62, states:

*"Board may apportion assessments for benefits of an established drain against a county or city or any tract of land benefited by an established drain.* Whenever a board discovers or ascertains that the county, a township, or city therein, or that any tract, parcel, or piece of land is being benefited by an established drain and that the county or such township, municipality, tract, piece, or parcel of land was not included in the drainage area assessed for the cost of construction and maintenance of the drain when established, the board shall commence proceedings for reassessment of lands originally assessed for the cost of establishing and constructing such drain and shall apportion and assess the part of the balance remaining unpaid, if any, of the cost of such drain, and the expense of maintenance thereof, which such county, township, or city and each tract of land found benefited thereby should bear.

"Before making such reassessment or reapportionment of benefits, the board shall hold a hearing for the purpose of determining the benefits of the drain to the county, such township, or city and to each tract, piece, or parcel of land being benefited. At least ten days' notice of such hearing shall be given by publication in a newspaper having general circulation in the county and by mailing notice thereof to each owner of land assessed for the cost of construction and maintenance when the drain was established, and by mailing such notice to the governing board of the county township, municipality and to the owner of each tract, piece, or parcel of land found to be benefited since the establishment of the drain, as determined by the records in the office of the register of deeds or county treasurer. The provisions of this chapter governing the original determination of benefits and assessment of costs shall apply to the reassessment and assessment of benefits carried out under the provisions of this section."

project. The district court determined that the landowners were not assessed in 1961 because their land was not benefited by the drain at that time. The district court concluded the land was presently benefited by the drain because modern farming practices had altered drainage patterns.

■ The landowners moved for a new trial under Rule 59, N.D.R.Civ.P., and for relief from the judgment under Rule 60(b), N.D.R.Civ.P. They argued the district court erred by finding the land had changed since 1961 and submitted affidavits that they had not altered the natural drainage of their land. Before the district court ruled on the motions, the landowners appealed the judgment to this Court. Shortly thereafter, the district court issued an order denying the landowners' motions. We remanded the case to the district court so that it could reissue its order.[3] The landowners now appeal from the judgment and from the district court's order denying their motions for post-judgment relief.

On appeal, the landowners argue: (1) they have a statutory right to vote on the reassessments, (2) the Water Resource Board's authority to modify the 1961 assessment lapsed long ago because the Water Resource Board, and its predecessor, the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners, are administrative agencies that have a limited time in which to correct orders, (3) N.D.C.C. § 61–21–62 does not authorize the reassessments because the Water Resource

Board has not discovered or ascertained that Greendale Township land is benefited by the drain, (4) the Water Resource Board's determination that Greendale Township is presently benefited by the drain is arbitrary and capricious, and, (5) the Water Resource Board, and its predecessor, violated the landowners' due process rights.

■ We note that the Greendale Township landowners' declaratory judgment action was inappropriate because N.D.C.C. § 28–34–01 "governs any appeal ... from the decision of a local governing body."[4] Therefore, we review only the appeal from the decision of the political subdivision. *See Olson v. Cass County,* 253 N.W.2d 179 (N.D.1977); *Chester v. Einarson,* 76 N.D. 205, 34 N.W.2d 418 (1948).

## II

The landowners claim a statutory right to vote on the reassessments. N.D.C.C. § 61–21–62 provides that a Water Resource Board may assess land that it discovers or ascertains is being benefited by an established drain. The statute provides that "[t]he provisions of this chapter governing the original determination of benefits and assessment of costs shall apply to the reassessment and assessment of benefits carried out under the provisions of this section."

According to the landowners, the phrase "[t]he provisions of this chapter governing the original determination of benefits and assessment of costs," refers to the voting provisions of N.D.C.C. § 61–21–16.[5] Conse-

3. Since the landowners filed their notice of appeal to this Court before the district court issued its order denying the motions, that order was void for lack of jurisdiction and the landowners' motions were still pending at the time of oral argument. We remanded the case so we may address all of the issues raised and to avoid a separate appeal of the district court's order.

4. The record submitted to the district court does not appear to be complete under N.D.C.C. § 28–34–01(2) which requires:

"[T]he local governing body shall prepare and file in the office of the clerk of the court in which the appeal is pending the original or a certified copy of the entire proceedings before the local governing body, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, ex-

hibits, reports or memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the local governing body, and the decision of the local governing body in the proceedings."

No party has objected to the incomplete record, however.

5. N.D.C.C. § 61–21–16, states:

*"Voting right or power of landowners.* In order that there may be a fair relation between the amount of liability for assessments and the power of objecting to the establishment of a proposed drain, the voice or vote of affected landowners on the question of establishing the drain shall be arrived at in the following manner:

"The landowner or landowners of tracts of land affected by the drain shall have one vote

quently, they argue the Board must give affected landowners the right to vote for or against the reassessments.

 The voting process in N.D.C.C. § 61–21–16 is to approve or disapprove the establishment of a proposed drain. In contrast, § 61–21–62 relates to reassessments for an *existing* drain. A vote on whether to build a proposed drain, under § 61–21–16, by its terms, does not apply to reassessments for an existing drain. Accordingly, N.D.C.C. § 61–21–62 does not provide for an owner vote.

### III

The landowners contend the Water Resource Board lacks authority to modify the 1961 assessments because the Water Resource Board, and its predecessor, the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners, are administrative agencies with a limited time to correct orders. For support, the landowners cite *Stearns–Hotzfield v. Farmers Ins. Exchange,* 360 N.W.2d 384 (Minn. App.1985). In that case, the Minnesota Court of Appeals held that "the right [of an administrative agency] to reverse an earlier, erroneous adjudication lasts until jurisdiction is lost by appeal or until a reasonable time has run, which would at least be co-extensive with the time required by statute for review." *Stearns–Hotzfield* at 389. According to the landowners, 30 years is not a reasonable time.

 The landowners' argument is misplaced. The Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners, and its successor, the Richland County Water Resource Board, are political subdivisions of the State of North Dakota, not administrative agencies. Moreover, N.D.C.C. § 61–21–62 clearly states that the Water Resource Board may reapportion benefits and assessments "when-

ever" the Board discovers or ascertains that land is benefited by an existing drain. The statute does not impose a time limit upon the Water Resource Board.

### IV

The landowners argue N.D.C.C. § 61–21–62 does not apply because the Water Resource Board has not "discovered or ascertained" that the land is presently benefited by the drain. According to the landowners, the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners knew the land was benefited by the drain in 1961, but did not assess the land for fear the landowners would have voted against the project. Therefore, the Water Resource Board cannot now claim it has discovered or ascertained the land is benefited by the drain.

As proof that the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners knew the land was benefited by the drain in 1961, the landowners refer to a federal watershed study and a transcript from a hearing on the proposed assessments. The federal watershed study, which was used to construct the drain, indicates Greendale Township is part of the West Tributary Bois–de–Sioux Watershed. The 1961 transcript reflects that at least one landowner from Fairmount Township complained that Greendale Township land was not assessed for the proposed project. The evidence, at best, is speculative. The landowners, in their brief, concede that the watershed is not necessarily the drain's benefit area. The transcript is inconclusive. N.D.C.C. § 61–21–62 authorizes the Water Resource Board to reapportion benefits and assessments.

### V

The landowners dispute the Water Resource Board's determination that Greendale Township land is benefited by the drain.

---

for each dollar of assessment that his land is subject to or one vote for each dollar of the assessed valuation of land condemned for the drain, as estimated by the board under the provisions of section 61–21–12. It is the intent of this subsection to allow one vote for each dollar of assessment, regardless of the number

of owners of such tract of land. Where more than one owner of such land exists, the votes shall be prorated among them in accordance with each owner's interest.

"A written power of attorney shall authorize an agent to cast the votes of any affected landowners."

According to the landowners, their land has not changed since the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners determined it was not benefited by the drain in 1961. They assert the district court erred in finding otherwise. Since the land has not changed, the Water Resource Board's determination that the land is presently benefited by the drain (1) is based on an arbitrary and capricious standard of benefit; or (2) reveals that the land was benefited by the drain in 1961, and the landowners were inequitably denied the right to vote on the project.

■ The landowners incorrectly couch their appeal in summary judgment terms. Although the existence and amount of benefits are questions of fact for the Water Resource Board, see *Ellison v. City of LaMoure*, 30 N.D. 43, 50, 151 N.W. 988, 990 (1915), judicial review is limited to whether the Water Resource Board acted arbitrarily, capriciously, or unreasonably in reapportioning benefits and assessments. See *Shaw v. Burleigh County*, 286 N.W.2d 792, 797 (N.D. 1979); *Pulkrabek v. Morton County*, 389 N.W.2d 609, 613 (N.D.1986). Our function is to independently determine the propriety of the Board's decision, without according any special deference to the district court's decision. *Shaw* at 797. Unless it is shown that the Water Resource Board acted arbitrarily or oppressively or unreasonably, or that there is not substantial evidence to support the decision, the decision should not be disturbed. *Shaw* at 797. "A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation." *Ames v. Rose Township Board of Township Supervisors, et al.*, 502 N.W.2d 845 (N.D.1993).

■ We cannot conclude the Water Resource Board acted arbitrarily, capriciously, or unreasonably in determining Greendale Township land is benefited by the drain. The record indicates the Water Resource Board correctly construed and complied with the requirements of N.D.C.C. Ch. 61–21. The Board notified affected landowners of

the reassessments and held a hearing in accordance with N.D.C.C. §§ 61–21–21 and 61–21–22. According to the hearing minutes, the project engineer explained the boundaries of the reassessment area, and the fieldwork performed in arriving at the proposed reassessments. There was evidence of benefit to the lands of these landowners. The Water Resource Board took comments and questions from concerned landowners and deferred action on the reassessments until the Board had an opportunity to investigate the issues raised at the meeting.

■ The landowners' contention that the Board is using an arbitrary and capricious standard for determining benefit, implicitly asks us to determine "benefit." The legislature has left the task of determining "benefit" to Water Resource Districts. Accordingly, we will not substitute our judgment for that of the Richland County Water Resource Board. See *Ames v. Rose Township Board of Township Supervisors, et al.*, 502 N.W.2d 845 (N.D.1993). The proper place to assert a challenge to the Water Resource Board's determination of benefit is before the State Engineer under N.D.C.C. § 61–21–22, not this Court. Moreover, even if the landowners are correct in claiming their land has not changed, their argument fails to recognize that N.D.C.C. § 61–21–62 authorizes a Water Resource Board to correct mistakes made in earlier assessments. Additionally, as we previously ruled, the evidence does not establish that the Richland County Water Conservation and Flood Control District No. 1 Board of Commissioners, or its successor, the Richland County Water Resource Board, have improperly deprived the landowners of voting rights.

Consequently, we cannot say the Board's decision was arbitrary, capricious, or unreasonable.

### VI

Finally, the landowners contend the Water Resource Board violated their due process rights. The sum of the landowners' contention is "the Water Resource Board's change in its original determination of *non-benefit* of their lands to a present determination of

*benefit,* despite the fact that they have not conducted any artificial drainage on their lands since 1961 is a breach of a fundamental due process right to have originally protested against the construction of said drain based upon the federal definition of watershed area."

The mere assertion of a constitutional issue is insufficient to invoke our review. *See Lund v. North Dakota State Highway Department,* 403 N.W.2d 25, 29 n. 6 (N.D. 1987); *State v. Patzer,* 382 N.W.2d 631, 639 n. 5 (N.D.1986). Absent supporting authority, the landowners' argument does not merit further review.

In reapportioning benefits and assessments, the actions of the Water Resource Board were not contrary to law, nor can we conclude they were arbitrary, capricious or unreasonable. The district court's judgment and order are affirmed.

VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.