1997 ND 123

**Wayne LINDTEIGEN, Plaintiff and Appellant,**

v.

**CITY OF BISMARCK, Defendant and Appellee.**

**Civil No. 960375.**

Supreme Court of North Dakota.

June 24, 1997.

Murray G. Sagsveen (argued), of Zuger Kirmis & Smith, Bismarck, for plaintiff and appellant.

Charles C. Whitman (argued), City Attorney, Bismarck, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Wayne Lindteigen appeals from a district court judgment affirming the Bismarck City Commission's denial of his application to rezone his property and establish a private airport. We affirm.

[¶ 2] Lindteigen owns the southwest quarter of Section 21 of Lincoln Township, which is located south of the Bismarck city limits. Many years ago there was a grass airstrip located on the property. The airstrip was abandoned by the prior owners sometime before 1986, when the land was rezoned from agricultural to rural residential.

[¶ 3] Lindteigen purchased the land in 1992 without checking the zoning. Although zoned residential, the land was at that time being farmed as a non-conforming use. The property is bordered on several sides by residential developments. Lindteigen intended to establish a private airport on the property, with a surrounding residential development. Homeowners in the development would have access to the airstrip and hangar space for private airplanes. He proposed using the concrete base of an unused feed bunker as the landing strip. This concrete strip was in a different location than the original grass landing strip.

[¶ 4] In 1994 Lindteigen sought a zoning change and platting of the southwest half of the southwest quarter of Section 21 to establish a residential subdivision and private airport.[1] The Bismarck Planning Commission denied the request. Lindteigen then sub-

---

1. Although Lindteigen's property is located outside Bismarck, the City has zoning authority over the land because it is located within two miles of the city limits. *See* Section 40–47–01.1(3), N.D.C.C.

mitted an application for a subdivision and preliminary plat without the airstrip. The Planning Commission and City Commission approved this residential plat. Because the landing strip had been removed, no zoning change was required.

[¶ 5] In January 1996 Lindteigen sought to rezone the remainder of the land in the southwest quarter of Section 21 to agricultural, and sought a special use permit to locate a private airport there. Area residents voiced their opposition to the plan at the hearing before the Planning Commission. They expressed concerns over the additional noise and threats to public safety caused by placing an airport in the middle of substantial residential development. The Planning Commission denied Lindteigen's application, and he appealed to the City Commission. Following a public hearing, at which area residents again raised objections, the City Commission denied Lindteigen's application. Lindteigen appealed to the district court, which affirmed the decision of the City Commission. Lindteigen has now appealed to this Court, arguing the Commission acted arbitrarily, capriciously, and unreasonably in denying his application.

[¶ 6] Our review of decisions of local legislative bodies is very limited under the doctrine of separation of powers. *City of Fargo v. Ness*, 529 N.W.2d 572, 576 (N.D. 1995); *Gullickson v. Stark County Board of County Commissioners*, 474 N.W.2d 890, 892 (N.D.1991). We review the City Commission's decision, without according special deference to the district court's decision. *Anderson v. Richland County Water Resource Board*, 506 N.W.2d 362, 367 (N.D. 1993); *Gullickson*, 474 N.W.2d at 892. We determine only whether the Commission acted arbitrarily, capriciously, or unreasonably in reaching its decision, and do not substitute our judgment for that of the Commission. *City of Jamestown v. Leevers Supermarkets, Inc.*, 552 N.W.2d 365, 370 (N.D.1996); *Ness*, 529 N.W.2d at 576; *Ames v. Rose Township Board of Township Supervisors*, 502 N.W.2d 845, 851 (N.D.1993). Leaving the manner and means of exercising municipal powers to the discretion of the municipal authorities implies a range of reasonableness within which the municipality's exercise of discre-

tion will not be interfered with by the judiciary. *Leevers Supermarkets*, 552 N.W.2d at 370. Accordingly, a decision of a local governing body is arbitrary, capricious, or unreasonable only if it is not the product of a rational mental process. *See Anderson*, 506 N.W.2d at 367; *Ames*, 502 N.W.2d at 851.

[¶ 7] The decision of the City Commission in this case demonstrates a "rational mental process." The Commission relied upon Section 14–03–08(4)(a)(7)(b) of the Bismarck Code of Ordinances, which authorizes a special use permit for an airport only if it is expressly found that "[t]he benefits of and need for the airport are greater than any depreciating effects and damages to neighboring property." Lindteigen does not challenge the validity of this ordinance. Rather, he asserts the record does not support the findings and conclusions of the Commission. In an appeal from a nonjudicial decision, the record is adequate if it allows us to discern the rationale for the decision. *See Ennis v. Williams County Board of Commissioners*, 493 N.W.2d 675, 679 (N.D.1992); *Pic v. City of Grafton*, 460 N.W.2d 706, 709–710 (N.D. 1990).

[¶ 8] The Commission considered evidence about the potential for excessive noise and danger to the public safety, and concluded "the depreciating effects and the damage to neighboring properties would far exceed the private benefit to Mr. Lindteigen." The Commission also stressed this general area is developing as rural residential, and allowing rezoning of Lindteigen's property to agricultural, with an airport, would not be appropriate land-use planning. These are matters within the Commission's broad range of discretion, and we will not substitute our judgment for the Commission's. We conclude the Commission's decision is not arbitrary, capricious, or unreasonable.

[¶ 9] The judgment of the district court is affirmed.

[¶ 10] VANDE WALLE, C.J., and SANDSTROM, MARING and MESCHKE, JJ., concur.