Filed 11/19/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1998 ND 202

Laddie Pic,                   Plaintiff and Appellant

       v.

City of Grafton,                   Defendant and Appellee

Civil No. 980103

Appeal from the District Court for Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Neumann, Justice.

Richard D. Farroh, 711 North Washington Street, Grand Forks, N.D. 58203, for plaintiff and appellant; argued by Larry J. Richards, third-year law student.

Nicholas B. Hall, City Attorney, 817 Hill Avenue, Grafton, N.D. 58237, for defendant and appellee.

Pic v. City of Grafton

Civil No. 980103

Neumann, Justice.

[¶1] 
Laddie Pic appeals from the judgment of the district court affirming the order of the Grafton City Council to demolish a house owned, but not occupied, by Pic in Grafton, North Dakota.  We affirm the district court's judgment.

I

[¶2] On June 10, 1996, the City Council found a house owned by Pic to be in disrepair beyond fifty percent of the value of the house.  The following day, the City Council gave Pic notice of their decision, informing him he had until July 2, 1996, to repair or remove the building before the City of Grafton would order its demolition.  On July 10, 1996, the City sent Pic a letter informing him that under city ordinance he had until July 15, 1996, to appeal the June 10, 1996, decision of the City Council.  On July 15, 1996, Pic appealed the City Council's decision to the district court, alleging he had made repairs on the house.

[¶3] On January 31, 1997, the district court remanded the case to the City Council under N.D.C.C. § 28-34-01 directing the Council to consider additional evidence, including an appraisal of the property Pic had obtained.  A hearing was held on November 10, 1997, before the City Council.  Scott Boura, the City's expert witness, testified for the City.  Pic presented an appraisal prepared by Hilary Ryan.  Pic's attorney explained the appraisal report to the City Council because Ryan was unable to attend the hearing.  After the presentations, the City Council adjourned and subsequently made its findings.  The City Council found the costs of improvements and repairs required to bring the house up to standards were estimated at $9,846.  The City Council noted the appraisal Pic obtained placed a fair market value on the structure of $13,975.  The City Council accepted Boura's estimation that the value of the structure would not exceed $8,000 and his testimony that the comparable sales used in Pic’s appraisal were not similar to this property.  The City Council also found, under Grafton City Ordinance 5-350, the cost of necessary repairs exceeded fifty percent of the original value of the structure and the maximum value of the structure.
(footnote: 1)  The City Council ordered the house be demolished under direction of the Grafton Building Inspector.  Pic appealed the City Council's order to the district court.

[¶4] On February 2, 1998, the district court filed a memorandum opinion stating, in part: 

Considering the condition of the structure as described in the inspection report, the testimony relating to the range of sales of similar structures (in disrepair) within the city, and the other evidence in the record, it cannot be determined by this court that the city council acted arbitrarily, unreasonably, or oppressively in adopting the building inspector’s opinion for valuation of the subject property.  To the contrary, there was ample evidence to support the city’s finding. . . .

As a consequence, the order of the city council directing the demolition of the subject structure is affirmed by this court.

[¶5] Pic appeals to this Court, arguing the district court erred in affirming the City Council's decision because the City Council had acted arbitrarily, capriciously, or unreasonably in determining the repairs to the house exceeded fifty percent of the structure’s value, and had acted arbitrarily, capriciously, or unreasonably in ordering the demolition of the structure.

II

[¶6] In reviewing decisions of local governing bodies, courts are very limited by the doctrine of separation of powers.  
Lindteigen v. City of Bismarck
, 1997 ND 123, ¶ 6, 565 N.W.2d 47.  Pic asserts, under this limited standard, the district court conducted a “de novo” review, and we may do the same.  This is simply not the case.  “De novo” review does not occur when we review a decision of a local governing body under N.D.C.C. § 28-34-01.

[¶7] In 
Pic v. City of Grafton
, 339 N.W.2d 763 (N.D. 1983) (
Pic I
) (dealing with a structure that had been declared substandard), we stated a “‘de novo’ hearing, as applied to judicial review of the Grafton City Council’s determinations, means a trial to determine whether or not the council acted arbitrarily, oppressively, or unreasonably in declaring Pic’s property to be substandard and ordering its removal.”  
Id.
 at 765 (citing 
Shaw v. Burleigh County
, 286 N.W.2d 792 (N.D. 1979)).

[¶8] In 
Shaw
, we interpreted N.D.C.C. § 11-11-43 dealing with the appeals procedure from a decision of a board of county commissioners.  
Shaw
, 286 N.W.2d at 795-97.  In 1979, N.D.C.C. § 11-11-43 described the scope of review as:

All appeals taken from decisions of a board of county commissioners shall be docketed as other causes pending in the district court and shall be heard and determined 
de novo
.  (Emphasis added.) 

 

In 
Shaw
, we determined:

[A] "de novo" hearing, as applied to judicial review of decisions of the Board of County Commissioners under Section 11-11-43, N.D.C.C., means a trial to determine whether or not the Board acted arbitrarily, capriciously, or unreasonably.  Section 11-11-43, N.D.C.C., must be treated as merely providing the procedure by which the proceeding may be brought before the court to determine whether or not the Board acted properly.  In other words, the decision to issue or deny a special use permit, pursuant to county zoning ordinances, is a legislative function subject only to appellate review to determine whether or not the county's legislative body acted arbitrarily, capriciously, or unreasonably in reaching its decision.

Further, we believe that our scope of review is identical to that of the district court's.  It is our function to independently determine the propriety of the Board's decision without according any special deference to the district court's review.  
See
 
Reserve Mining Co. v. Herbst
, 256 N.W.2d 808 (Minn. 1977).  This court performs essentially the same function as the district court, and is governed by the same scope of review.

Id.
 at 797.

[¶9] In 
Shaw
, we observed that while this construction preserved the constitutionality of N.D.C.C. § 11-11-43, the “de novo” reference in the statute was a “perplexing one.”  
Id.
  We quoted Justice Pederson’s admonition in 
Merchant v. Richland County Water
, 270 N.W.2d 801, 804 (N.D. 1978):

"Any decision that trials de novo on appeals from administrative decisions are unconstitutional and violative of the separation of powers would have wide repercussions and should not be treated lightly by the courts."

Shaw
, 286 N.W.2d at 797.  We also noted the legislature may want to clarify our scope of review in light of this opinion.  
Id.
 at 797 n.1.

[¶10] In 1989, the legislative assembly amended N.D.C.C. § 11-

11-43 by deleting the “de novo” language and referring to N.D.C.C. § 28-34-01 as governing all appeals taken under N.D.C.C. §§ 11-11-

39 through 11-11-43. 1989 N.D. Sess. Laws ch. 83, § 5.  Section 28-

34-01, N.D.C.C., is entitled “Appeals from local governing bodies — Procedures,” and it provides how an appeal is to be taken from a decision of a local governing body.  Section 28-34-01, N.D.C.C. (1989), specifically provided:
(footnote: 2)
This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2-04-11, 40-

47-11, and 40-51.2-15.  For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision.

The omission of the "de novo" language from N.D.C.C. § 11-11-43, and the cross-reference to N.D.C.C. § 28-34-01, which does not mention "de novo" review, clearly shows the phrase "de novo" is no longer relevant or properly invoked on appeals taken from decisions of local governing bodies under N.D.C.C. § 28-34-01.  

[¶11] In cases subsequent to the enactment of N.D.C.C. § 28-34-

01, and the 1989 amendment to N.D.C.C. § 11-11-43, we have clearly delineated the scope of review of an appeal from a local governing body under N.D.C.C. § 28-34-01.  We have stated the courts must not substitute their judgment for that of the local governing body who initially made the decision.  
Pic v. City of Grafton
, 460 N.W.2d 706, 710 (N.D. 1990) (
Pic II
).  Thus, judicial review is limited to determining if the governing body’s decision is arbitrary, capricious, or unreasonable.  
Smith v. Burleigh County Bd. of Com’rs
, 1998 ND 105, ¶ 11, 578 N.W.2d 533; 
City of Fargo v. Ness
, 529 N.W.2d 572, 576 (N.D. 1995).

[¶12] With the scope of review clarified, we examine whether the decision of the City Council in finding the repairs exceeded fifty percent of the structure’s value and the order to demolish the house were arbitrary, capricious, or unreasonable.

[¶13] On November 10, 1997, the City Council held a public hearing to determine if Pic's house should be demolished.  The City Council heard extensive testimony from Boura about the value of the house and the repairs needed.  Pic was allowed to present his appraisal report to the City Council and discuss the value of the house and the repairs needed, as estimated by his appraiser, Hilary Ryan.  Pic was allowed to question Boura about the findings in his report, and did so at length.  Conversely, the City was allowed to question Boura about the findings in Pic's appraisal, as Ryan was not present at the hearing. 

[¶14] Under the City Council’s findings, the City Council accepted Boura's testimony that Pic's appraiser did not use comparable sales to reflect the value of Pic's house.  The City Council found the value of the house would not exceed $8,000, and the cost of repairs was estimated at $9,846.
(footnote: 3)  Notwithstanding the reduction of the estimated repairs by $3,000, the record clearly reflects sufficient support for the City Council’s findings.  Therefore, the City Council’s finding that the repairs exceeded fifty percent of the house value and its subsequent decision to demolish under Grafton City Ordinance 5-350 were not arbitrary, capricious, or unreasonable.

III

[¶15] We affirm the judgment of the district court, holding the City Council did not act in an arbitrary, capricious, or unreasonable manner.

[¶16] William A. Neumann

Mary Muehlen Maring

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

[¶17] The Honorable Carol Ronning Kapsner was not a member of the Court when this case was heard and did not participate in this decision.

FOOTNOTES
1:    
 
Grafton City Ordinance 5-346 defines a substandard structure, identifying nine types of defects that constitute a basis for declaring a structure substandard.  The authority to order demolition of a substandard structure is found under Grafton City Ordinance 5-347, providing:

All substandard buildings and structures within the terms of Section 5-346 of this article are hereby declared to be public nuisances and shall be repaired, vacated, or demolished as herein before and herein after provided.

The standards used to determine whether a structure should be repaired, vacated, or demolished are found under Grafton City Ordinance 5-350, providing:

(1) If the substandard building or structure can reasonably be repaired so that it will no longer exist in violation of the terms of this article it shall be ordered repaired.

. . .

(3) In any case where a substandard building or structure is fifty (50) percent or more damaged or decayed or deteriorated from its original value or structure it shall be demolished
.

2:    
  Section 28-34-01 was amended in 1995 to reflect changes in the appeals process from a decision by a board of adjustment.  1995 N.D. Sess. Laws ch. 315 § 1
.

3:    
The district court reduced this amount by $3,000 on appeal because Scott Boura, the City's expert witness, had listed some repairs as "recommended repairs." The district court determined the recommended repairs were not properly considered under the ordinance, holding the ordinance required the only relevant repairs would be ones made to decayed or deteriorated portions of the building.

Even with the reduction of the estimated repairs by $3,000, the record clearly reflects sufficient support for the City Council’s findings.  We need not decide whether the district court’s holding was appropriate under our limited standard of review.