Filed 8/24/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 164

Dakota Northwestern Associates 

Limited Partnership, Applicant and Appellant

v.

Burleigh County Board of County 

Commissioners, Respondent and Appellee

No. 20000039

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail H. Hagerty, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Lawrence R. Klemin, Bucklin, Klemin & McBride, P.O. Box 955, Bismarck, N.D. 58502-0955, for applicant and appellant.

Rick Lee Volk, Assistant State’s Attorney, 514 East Thayer, Bismarck, N.D. 58501, for respondent and appellee.

Dakota Northwestern Associates v. Burleigh County Board of County Commissioners

No. 20000039

Maring, Justice.

[¶1] Dakota Northwestern Associates Limited Partnership (“Dakota”) appeals from a judgment affirming the decision of the Burleigh County Board of County Commissioners (“the Board”) on applications for abatement of real estate taxes for the years 1995, 1996, and 1997.  We conclude the Board’s decision was not arbitrary, capricious, or unreasonable, and we affirm.

I

[¶2] Dakota owns a commercial office building in downtown Bismarck.  The property was originally assessed at $5,191,000 for the years 1995, 1996, and 1997. Dakota hired appraiser Joseph Ibach to provide a retrospective appraisal of the property for 1995, 1996, and 1997.  Ibach determined the market value of the property in the relevant years was $3,000,000, less $400,000 for deferred maintenance on the building which reduced its value.

[¶3] Dakota filed applications for abatement of the real estate taxes for the years 1995, 1996, and 1997, requesting the assessed value of the property be reduced to $2,600,000 in accordance with Ibach’s appraisal.  Upon learning there was $400,000 in deferred maintenance on the building, the City Assessor recommended the $5,191,000 assessed value be reduced to $4,791,000.  At a hearing on April 28, 1998,  the Bismarck City Commission adopted the assessor’s recommendation of $4,791,000.

[¶4] In tax abatement proceedings, the City Commission’s decision is a recommendation to the Board of County Commissioners, which makes the final decision.  
See
 N.D.C.C. § 57-23-06.  The recommendation of the City Commission was conveyed to the Board, which held hearings on the matter on July 6 and August 3, 1998.  The Board set the value of the property at $4,791,000, the amount recommended by the City Commission.

[¶5] Dakota appealed to the district court, which remanded for consideration of additional evidence.  On remand, the Board considered an appraisal prepared by Todd Reid for the mortgagee on the property.  Reid’s appraisal valued the property at $3,250,000 as of March 1, 1998.  Also considered upon remand was a second appraisal prepared by Ibach for a new lender on the property.  Ibach’s second appraisal determined the value of the property in December 1998 was $3,000,000, taking into account that the $400,000 in deferred maintenance had been completed.

[¶6] The Board also considered the assessor’s valuations of the property for the years 1998 and 1999.  For 1998, the assessor valued the property at $5,191,000.  For 1999, the assessor reduced the value to $4,200,000 because a major tenant had moved out of the building.

[¶7] At a July 7, 1999, hearing, the Board considered the evidence and discussed the various valuations of the property.  Ultimately, the Board decided to value the property for the years 1995, 1996, and 1997 at $4,200,000, the same amount at which it was assessed in 1999.  The district court affirmed the Board’s decision, and Dakota appealed to this Court.

II

[¶8] Our review of a local governing body’s assessment of value for tax purposes is limited by the doctrine of separation of powers.  
See
 
Lindteigen v. City of Bismarck
, 1997 ND 123, ¶ 6, 565 N.W.2d 47; 
National Sun Industries, Inc. v. Ransom County
, 474 N.W.2d 502, 506 (N.D. 1991); 
Ulvedal v. Board of County Commissioners
, 434 N.W.2d 707, 709 (N.D. 1989).  Taxation of property is a legislative function, not a judicial function, and courts may not substitute their judgment for that of the local governing body.  
Pic v. City of Grafton
, 1998 ND 202, ¶ 11, 586 N.W.2d 159; 
Ulvedal
, at 709.  A reviewing court may not reverse the Board’s decision simply because it finds some of the evidence more convincing; rather, the reviewing court may reverse only where there is such an absence of evidence or reason that the Board’s decision is arbitrary, capricious, or unreasonable.  
Trollwood Village Limited Partnership v. Cass County Board of County Commissioners
, 557 N.W.2d 732, 734 (N.D. 1996); 
Ulvedal
, at 709.  A decision of a local governing body is arbitrary, capricious, or unreasonable only if it is not the product of a rational mental process, by which the facts and the law are considered together for the purpose of achieving a reasoned and reasonable interpretation.  
Douville v. Pembina County Water Resource District
, 2000 ND 124, ¶ 5, 612 N.W.2d 270; 
Graber v. Logan County Water Resource Board
, 1999 ND 168, ¶ 7, 598 N.W.2d 846; 
Lindteigen
, at ¶ 6.

[¶9] For tax assessment purposes, property must be valued at its true and full value:

Beginning with the year 1981, all assessors and boards of equalization shall place the values of all items of taxable property at the true and full value of the property except as otherwise specifically provided by law, and the amount of taxes that may be levied on such property for the year 1981 and each year thereafter must be limited as provided in this chapter.

N.D.C.C. § 57-02-27.1.  “True and full value” is defined, in pertinent part, in N.D.C.C. § 57-02-01(15):

“True and full value” means the value determined by considering the earning or productive capacity, if any, the market value, if any, and all other matters that affect the actual value of the property to be assessed.

Under N.D.C.C. § 57-23-04(1)(h), “the board of county commissioners may abate or refund, in whole or in part, any assessment or tax upon real property . . . [w]hen the assessment on the complainant’s property is invalid, inequitable, or unjust.”  Dakota asserts the assessment in this case does not reflect the true and full value of the property, and is inequitable and unjust.

[¶10] Much of Dakota’s argument is focused upon alleged weaknesses in the assessor’s valuation of the property.  Dakota challenges the factual underpinnings of and rationale for the assessor’s valuation, arguing Ibach’s appraisals were based upon more equitable financial figures and better reasoning.  These are matters which go to weight and credibility, and do not rise to the level of arbitrary, capricious, or unreasonable action.  As this Court explained in 
Ulvedal
, 434 N.W.2d at 710:

The city assessor’s opinion about value was not overpowering, particularly when compared with the appraisal by taxpayers’ experts.  But the limited scope of judicial review does not permit the courts to weigh the material on value to determine which part of it is more convincing.  Weighing factual material for tax purposes is the responsibility of county commissioners, not the courts.  Since we cannot say that the city assessor’s figures were unreasonable, we cannot say that the Board’s decision to confirm that valuation for the assessment was arbitrary, capricious or unreasonable.  The Board’s decision was based on reasonable evidence before it.

[¶11] It is not the function of this Court to micro-manage decisions of local taxing bodies in valuing property for tax assessment purposes.  In this case we cannot say the assessor’s figures were unreasonable, and therefore it was for the Board to assess credibility and give whatever weight it determined appropriate to the various expert appraisals.

[¶12] Dakota argues the Board’s final decision to value the property at $4,200,000 for 1995, 1996, and 1997 was not based upon any evidence in the record and was entirely arbitrary.  The evidence of value in this case for the years in question included Ibach’s original appraisal of $2,600,000, Ibach’s second appraisal of $3,000,000, Reid’s appraisal of $3,250,000, and the assessor’s appraisal of $4,791,000.  Dakota in essence argues the Board had to select one of those values, and could not select another figure within the range of those values.

[¶13] The tax assessment valuation process is not intended to be a form of “final-

offer arbitration,” in which each party submits a final offer and the arbitrator must select one or the other.  
See
 Black’s Law Dictionary 100 (7th ed. 1999).  The Board, in considering an application for abatement, must determine the true and full value of the property based upon all of the evidence.  
See
 N.D.C.C. §§ 57-02-01(15), 57-

02-27.1, and 57-23-04.  In doing so, the Board may choose a value within the range of the evidence, so long as there is some basis for the Board’s determination in the evidence.
(footnote: 0)
[¶14] We agree with the rationale expressed by the district court in its memorandum opinion:

The decision made by the commissioners was not a decision to adopt any single evaluation of the building.  Instead, they decided the true and full value of the property was $4.2 million - an amount they had agreed was the true and full value for 1999.  The decision appears to be a consensus reached by a well-informed group and well within the boundaries of the evaluations of the values set by the assessor and the appraisers.  It would not have been unreasonable for the county commissioners to accept the value set by the assessor or either of the appraisers and it was not unreasonable for them to agree that the property was worth more than the appraisers indicated and less than the assessor indicated.

[¶15] In this case, the County Commissioner who moved to set the value at $4,200,000 explained that he believed Ibach’s appraisal was too low and the assessor’s appraisal was too high.  He therefore moved to set the valuation for 1995, 1996, and 1997 at $4,200,000, the same as the amount assessed for 1999.  While we may not have chosen to value the property at that amount, and further explanation by the Board would have been helpful,
(footnote: 2) we cannot say the Board’s decision is not the result of a rational mental process.  Accordingly, its decision is not arbitrary, capricious, or unreasonable.

[¶16] The judgment affirming the Board’s decision is affirmed.

[¶17] Mary Muehlen Maring

William A. Neumann

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Laurie A. Fontaine, D.J.

[¶18] The Honorable Laurie A. Fontaine, D. J., sitting in place of Sandstrom, J., disqualified.

FOOTNOTES
0:     け
In eminent domain and inverse condemnation cases this Court has repeatedly stated the factfinder’s determination of value of the property will be upheld on appeal if it falls within the range of the values presented in the evidence.  
See, e.g.
, 
City of Devils Lake v. Davis
, 480 N.W.2d 720, 726 (N.D. 1992); 
Kraft v. Malone
, 313 N.W.2d 758, 762 (N.D. 1981); 
Hultberg v. Hjelle
, 286 N.W.2d 448, 452, 458 (N.D. 1979); 
State v. Livingston
, 270 N.W.2d 556, 557 (N.D. 1978); 
Northern States Power Co. v. Efferts
, 94 N.W.2d 288, 292 (N.D. 1958).

2:    
We urge Boards of County Commissioners to provide, in the future, a full explanation of their rationale when determining valuation of property in tax abatement proceedings.