2010 ND 245

**In the Matter of Appeal of GRAND
FORKS HOUSING AUTHORI-
TIES, Appellant**

v.

**GRAND FORKS BOARD OF COUNTY
COMMISSIONERS, Appellee.**

No. 20100196.

Supreme Court of North Dakota.

Dec. 21, 2010.

Russell J. Melland, Grand Forks, N.D., for appellant.

John A. Warcup, Special Assistant State's Attorney, Grand Forks, N.D., for appellee.

MARING, Justice.

[¶ 1] The Grand Forks Housing Authority appeals from a district court judgment affirming a decision by the Grand Forks Board of County Commissioners to deny the Housing Authority's applications for abatement of real estate taxes and denying its motion to remand for consideration of additional evidence. The Housing Authority argues substantial evidence does not support the Board's factual findings and asserts the Board's decision to deny the Housing Authority's tax abatement applications is arbitrary, capricious, and unreasonable. The Housing Authority further argues the district court's denial of its motion to remand for consideration of additional evidence constitutes an abuse of discretion. We hold substantial evidence supports the Board's decision to deny the Housing Authority's tax abatement applications, the Board's decision was not arbitrary, capricious, or unreasonable, and the district court did not abuse its discretion in denying the Housing Authority's motion to remand. We affirm.

I

[¶ 2] The Housing Authority is an agency that provides low-and moderate-income housing to families within Grand Forks County. It owns certain properties located at 770 14th Street South and 1424 8th Avenue South in Grand Forks, known as the Ruth Meiers properties. The properties are used for an adolescent treatment center.

[¶ 3] In October 2008, the Housing Authority applied for an abatement of real estate taxes paid on these properties in 2006 and 2007 and for an exemption from taxation for 2008. The Grand Forks City Council met on May 18, 2009, to review the applications. After considering the evidence before it, the City Council determined the properties should be exempted from taxation for 2008, but found that the 2006 and 2007 payments were voluntary payments in lieu of taxes or special assessments made "pursuant to an agreement and/or understanding between the City and the [Housing Authority]." Accordingly, the City Council recommended the Board approve the request for exemption and deny the applications for tax abatement.

[¶ 4] The Board met on July 7, 2009, to consider the Housing Authority's requests for tax exemption and abatement and to review the documents and testimony provided in support of those requests. The documents provided by the Housing Authority for consideration by the Board consisted of a 1,580–page record and included the minutes of various City Council's hearings, the report of the Grand Forks City Assessor, and the recommendation of the Grand Forks County Tax Equalization Director. The testimony offered at the

meeting included statements from Assistant City Attorney John A. Warcup, Attorney Russell Melland who represents the Housing Authority, and Grand Forks City Assessor Mel Carsen. After considering the evidence before it, the Board found the 2006 and 2007 payments were voluntary payments in lieu of taxes and voted unanimously to deny the Housing Authority's applications for tax abatement. The Board agreed with the recommendation of the City Council and approved the Housing Authority's request for tax exemption for 2008.

[¶ 5] The Housing Authority appealed to the district court, which affirmed the Board's decision. The district court found substantial evidence supported the Board's factual findings the 2006 and 2007 payments were voluntary payments in lieu of taxes that were not subject to abatement. The court also denied the Housing Authority's motion to remand the case, so that the Board could consider additional evidence, mainly, the tapes and transcripts of the meetings held by the City Council and the City Council Finance and Development Standby Committee. The court found the Housing Authority had the opportunity, but failed to include the tapes and transcripts in the evidence it presented to the Board at the July 7, 2009, meeting and was, therefore, not entitled to a remand.

## II

■ [¶ 6] For appeals from a board of county commissioners, we have consistently stated that "the principle of separation of powers precludes parties from relitigating the correctness and propriety of the [board's] decision and prevents a reviewing court from sitting as a super board and redeciding issues," which the board had already decided. *Hagerott v. Morton County Bd. Comm'rs*, 2010 ND 32, ¶ 7, 778 N.W.2d 813. Thus, we apply a very limited and deferential standard of review when considering an appeal from a decision of a local governing body:

When considering an appeal from the decision of a local governing body under N.D.C.C. § 28-34-01, our scope of review is the same as the district court's and is very limited. This Court's function is to independently determine the propriety of the [Board's] decision without giving special deference to the district court decision. The [Board's] decision must be affirmed unless the local body acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation.

*Id.* at ¶ 7 (citations omitted).

## III

■ [¶ 7] The Housing Authority argues substantial evidence does not support the Board's findings the 2006 and 2007 payments were voluntary payments in lieu of taxes because no agreement existed between the Housing Authority and the City of Grand Forks to make such payments.

[¶ 8] All property in North Dakota is subject to taxation unless expressly exempted by law. N.D.C.C. § 57-02-03. Section 23-11-29, N.D.C.C., exempts from taxation property owned by a housing authority when such property is used for low-and moderate-income housing. The section further provides, however, that "[i]n lieu of taxes ..., [a housing] authority may agree to make payments to the state or any political subdivision for improvements, services, and facilities furnished by the state or political subdivi-

sion...." N.D.C.C. § 23–11–29. The Housing Authority focuses on the phrase "may agree" in N.D.C.C. § 23–11–29 and argues the City Council and the Board arbitrarily concluded that "since the Housing Authority was paying its taxes they *must have been* payments in lieu of taxes." The Housing Authority asserts substantial evidence does not support the Board's finding the Housing Authority had entered into an agreement with the City of Grand Forks to make payments in lieu of taxes, which would preclude it from receiving a tax abatement. The Housing Authority further asserts the only evidence before the Board was the payments themselves, which are not enough to support the existence of an agreement. We disagree.

[¶ 9] In finding the Housing Authority's payments in 2006 and 2007 constituted payments in lieu of taxes, the Board considered the following evidence: the minutes of the hearings held by the City Council; the testimony and report of the Grand Forks City Assessor defining the payments as payments in lieu of taxes; the recommendation of the Grand Forks County Tax Equalization Director for denial of the tax abatement applications on the ground the payments were payments in lieu of taxes and not payments for real estate taxes; and the testimony of counsel for each side. The Board also had the opportunity to question each counsel as to whether the payments made by the Housing Authority in 2006 and 2007 were real estate tax payments or payments in lieu of taxes. Moreover, as conceded by counsel for the Housing Authority during oral arguments on appeal, the evidence presented to the Board showed the Housing Authority had made payments on the properties for the past ten years. The Housing Authority offers no evidence that during this time it was unaware of its tax exempt status or that the payments it made were involuntary. Based on the evidence before

the Board and applying our very limited and deferential scope of review, we conclude the Board did not act arbitrarily, capriciously, or unreasonably in finding the payments made by the Housing Authority in 2006 and 2007 were payments made in lieu of taxes. *See Dakota Northwestern Assoc. v. Burleigh County Bd. of County Comm'rs*, 2000 ND 164, ¶ 8, 616 N.W.2d 349 ("A reviewing court may ... reverse the Board's decision ... only where there is such an absence of evidence or reason that the Board's decision is arbitrary, capricious, or unreasonable."). Because we conclude substantial evidence supports the Board's factual findings that the 2006 and 2007 payments were payments in lieu of taxes and not tax payments, we need not consider whether the Housing Authority was entitled to a tax abatement for those payments. *Compare* N.D.C.C. § 57–23–04(1)(c) (providing that "[u]pon application filed in the office of the county auditor ... the board of county commissioners may abate or refund, in whole or in part, any assessment or *tax* upon real property ... [w]hen the complainant, or the property, is exempt from the tax") (emphasis added) *with* N.D.C.C. § 23–11–29 (providing that "[i]n lieu of taxes or special assessments, [a housing] authority may agree to make payments to the state or any political subdivision for improvements, services, and facilities....").

## IV

■ [¶ 10] The Housing Authority argues the district court erred in denying its motion to remand the matter to the Board, so that the Board could consider additional evidence. The Housing Authority asserts the district court should have remanded the case for further review because the Board did not have available before it the tapes and transcripts of the various hearings held by the City Council.

[¶ 11] Section 28–34–01(3), N.D.C.C., allows a court to order "additional evidence be taken, heard, and considered by the local governing body" if the court determines that "such additional evidence is material and that there are reasonable grounds for the failure to adduce such evidence in the hearing or proceeding had before the local governing body." When a statute provides that a court "may" order additional evidence be heard, the decision lies within the discretion of the court. *In re Pederson Trust,* 2008 ND 210, ¶ 12, 757 N.W.2d 740 ("When a district court *may* do something, it is generally a matter of discretion."). Therefore, we review the district court's denial of the Housing Authority's motion to remand for an abuse of discretion. "A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably" or when it misinterprets or misapplies the law. *Id.*

[¶ 12] Here, the district court found "[t]he Board held a hearing on the Housing Authority's application for abatement and granted it the opportunity to present evidence in support of its application." The district court further found the Board received and considered all the evidence presented to it by the Housing Authority, including the minutes of the City Council's meetings, 1,580 pages of record, and the testimony of the City Assessor and counsel for each side. The court reasoned: "If the Housing Authority wanted the Board to consider the oral testimony it previously presented to the City, it should have offered this testimony at the Board's July 7, 2009, hearing." In addition, the court concluded the tapes and transcripts of the hearings did not constitute material evidence necessary to review the Board's decision. Based on the record before us, we conclude the district court did not abuse its discretion in denying the Housing Authority's motion to remand for additional evidence.

V

[¶ 13] We affirm the district court judgment affirming the Board's decision and denying the Housing Authority's motion to remand.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.